(88 Misc. Rep. 568)

BANK OF UNITED STATES v. PUBLIC BANK OF NEW YORK CITY.

(Supreme Court, Appellate Term, First Department. January 7, 1915.)

BANKS AND BANKING (§ 305*)—DEPOSITS—REFUSAL TO PAY—EXCUSE—RULE OF BANK.

    Although the rule of a bank requires the depositor to appear in person to withdraw his account, the relation of debtor and creditor still exists; and where a depositor assigns his bank account, the rule will not justify the bank's refusal to pay to the assignee.

    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1177–1182; Dec. Dig. § 305.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Bank of United States against the Public Bank of New York City. Judgment for defendant, and plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Leon Sanders, of New York City (Leon Sanders and L. E. Schlechter, both of New York City, of counsel), for appellant.

Stroock & Stroock, of New York City (Henry L. Moses and Charles Levy, both of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff has received from one Bernard Schrei- ber an assignment of Schreiber's deposit account in the defendant's bank. Schreiber's deposit account was evidenced by a passbook, which contains a statement that:

"This account is opened with the Public Bank of New York in accordance with the following rules and regulations: The passbook shall be the voucher of the depositor, and must always be presented at the bank when depositing or withdrawing money. Deposits of any sum from one dollar upwards will be received payable on demand, and may be withdrawn by the depositor at any time without giving notice. * * * Every effort will be made to protect depositors against fraud, but payments made to a person presenting a passbook shall be good and valid on account of the owner, unless the passbook has been lost and notice in writing given to the cashier of the bank before such payment is made. When a passbook has been lost, the bank shall prescribe the conditions on which a new passbook may be issued. * * * In all cases of where the whole amount of money is withdrawn, the passbook must be surrendered. The foregoing conditions between the de- positors and the bank may be changed by the bank at any time by notice posted in the banking room. * * * Acceptance of the book shall be con- sidered an assent to these rules and regulations."

The plaintiff presented the assignment, the bank book, and a draft for the full amount of Schreiber's account to the defendant bank, and payment thereof was refused. The plaintiff thereupon commenced this action. It is not disputed that Schreiber executed the draft and as- signment, and that he delivered the draft, assignment, and passbook to the plaintiff; but the defendant claims that the depositor was bound to present the draft in person, because the defendant bank had made a rule that "drafts on those accounts where the passbook is the voucher of the depositor will be honored only when presented with the pass- book by the depositor in person," and had posted the rule in the bank- ing room. The learned trial justice has held that this rule was a rea- sonable rule, and was binding upon the depositor and his assigns, and consequently gave judgment for the defendant.

The plaintiff now claims that the defendant bank is not a savings bank and can pass no such regulation, because the only statute giving a bank power to pass regulations governing the payment of sums de- posited is contained in section 143 of the Banking Law, which refers only to saving banks. It seems unnecessary in this case for us to de- cide now whether the Legislature could have intended to restrict any bank from passing such rules and regulations as would be reasonable, in view of the nature of the business and the particular conditions governing its relation to its depositors. The defendant bank received the deposits subject to certain rules and regulations. The depositor accepted as the voucher of his account a book which expressly provid- ed that the conditions on which the account was received could be changed. Both parties voluntarily made this contract. The depositor could have refrained from making the deposit, if he had not approved of the conditions on which it was received, and he could withdraw his deposit if he was not satisfied with the conditions on which it was re- tained. So long, however, as the relation of bank and depositor was continued, he was bound by his contract to observe the bank's reason- able rules and regulations, regardless of whether or not the bank had inherent power outside of the contract to make such rules. The plain-

tiff has presented this book in evidence to show the contract, and is bound by all its terms.

The trial justice has in a very careful opinion held that the rule requiring the depositor to present the draft in person is a reasonable rule under all the peculiar circumstances of the case. His reasoning seems cogent, and, so far as the rule was intended to regulate the relation of bank and depositor, so long as that relation continued, I should not lightly refuse to accept his conclusion. He has not, however, in his opinion considered the effect of this rule where the depositor seeks to terminate this relation by assignment and the assignee seeks to recover the amount of the deposit. The plaintiff herein claims, in effect, that as assignee of the fund he takes it free from any rules and regulations which might be binding upon the depositor. This statement of the law is obviously too broad. He takes only the rights which the depositor had, and is subject to all the limitations lawfully placed upon the depositor's rights. It must be remembered, however, that even though we should go so far as to hold that the relation between depositor and depositary was that of a depositor and a savings bank, which is, however, not strictly the case, yet that relation is that of creditor and debtor, and the bank, to justify a refusal to pay its debts to one who is its creditor, must show some good reason for its refusal. Even where the bank requires a bank book to be presented as a voucher, the presentation of such bank book is not a condition precedent to a recovery of the debt by the assignee, though a failure to present the bank book may, where the bank might be subject to a double claim, present justification for a refusal to pay. See Mierke v. Jefferson County Savings Bank, 208 N. Y. 347, 101 N. E. 889, 46 L. R. A. (N. S.) 194. So in Augsbury v. Shurtliff, 114 App. Div. 626, at page 633, 99 N. Y. Supp. 989, at page 993, the court said:

"We think it cannot be claimed that such depositor may not assign or transfer his interest in his deposit for a good and valuable consideration without the delivery of the passbook representing such deposit, and that if such assignment or transfer is established to be valid the bank must recognize the same, notwithstanding the assignee or transferee may not have possession of the passbook."

It seems to me that the true rule is that, while a savings bank, and perhaps this bank, may pass reasonable rules regulating the relation of depositor and depositary, yet since it still remains a debtor of the depositor, that debt may be assigned to a third party, and, if the execution of the assignment is properly established, it passes all title to the debt to the assignee. Thereafter, as between the assignee and the bank, the only question that remains is whether the debt itself is subject to any limitations which will justify the bank in refusing to pay; but the debtor cannot make rules and regulations which will limit the right to assign the debt. In this case, while the bank may possibly have the right to require a depositor, who desires to withdraw part of his deposit, to present the draft in person, if we construe its rule so strictly that only the depositor can obtain his money in person, we would permit a debtor, in the guise of making a regulation governing its relation to depositors, to make its debt unassignable.

It follows that the judgment should be reversed, with costs, and judgment directed for the plaintiff, with costs. All concur.