SAMUEL GORDON, APPELLANT, v. VERONICA PANNACI, RESPONDENT.

Submitted March 22, 1917—Decided June 6, 1917.

Proceedings taken in District Courts under the supplement of 1915, page 182, to the Executions act, by way of garnishing a debt due the defendant in execution, are reviewable properly by *certiorari* and not by appeal.

On appeal of the First National Bank of Sea Bright from a rule of the District Court, first judicial district of Monmouth county, making absolute a rule to show cause why said bank should not be required to pay to the sergeant-at-arms of said court the amount of a money balance to the credit of the defendant, in part satisfaction of an execution issued under plaintiff's judgment in this cause.

Before Justices GARRISON, PARKER and BERGEN.

For the appellant, *William L. Edwards.*

For the respondent, *James J. Gibb.*

The opinion of the court was delivered by

PARKER, J. This is not a case for an appeal. As appears above, the judicial action attempted to be brought under review is an order of the court, or the judge, in what may be described as a statutory garnishee proceeding, evidently under the supplement of 1915, page 182, to the Executions act, which makes rights and credits of a defendant in execution subject to levy thereunder, and by section 9 authorizes the court by procedure of the character of that apparently pursued in this case, to order the debtor of the defendant to pay the debt to the officer holding the execution.

Various questions are attempted to be raised: the sufficiency of the execution; of the levy by the officer; the ex-

clusion of evidence on the hearing of the rule, and so on. We think they ought not to be passed upon in the present case. Apart from the fact that neither the rule to show cause nor the rule making the same absolute is put before us in the printed case, it is obvious, from what has been said, that the proceeding itself is not according to the course of the common law. It partakes of the nature both of attachment, as the term is understood in modern practice, and of proceedings supplementary to execution. Both these, like a claim of property levied on or attached, are of purely statutory origin, and of a class of cases reviewable only by *certiorari*. Supplementary proceedings are of a summary character. *Westfall* v. *Dunning*, 50 *N. J. L.* 459 (at *p.* 461). Refusals to obey an order to pay out of income, in satisfaction of a judgment, have been held contemptuous, and such adjudications have been reviewed under the Contempt act. *Adler* v. *Turnbull & Co.*, 57 *Id.* 62; *Eggert* v. *McHose*, 80 *Id.* 101. In one case this court considered without comment an appeal from an order for payment of income. *While* v. *Koehler*, 70 *Id.* 526. But the correct and substantially uniform practice has been by *certiorari*, as in *Spencer* v. *Morris*, 67 *Id.* 500; *Hershenstein* v. *Hahn*, 77 *Id.* 39, and *Russell* v. *Mechanics Realty Co.*, 88 *Id.* 532. This brings this class of cases in line with claims of property where the rule is the same. *Berry* v. *Chamberlain*, 53 *Id.* 463; *Reiman* v. *Wilkinson, Gaddis & Co.*, 88 *Id.* 383, 386; *City Bank of Bayonne* v. *O'Mara, Id.* 499. As was said in the last case (at *p.* 500) : "The point is material, for if *certiorari* be the only proper method of review, it follows that frivolous and non-meritorious attempts to remove the record, which appeal, as a matter of right, would facilitate, will be cut off by the timely refusal of an *allocatur* in *certiorari.*" And, in the same opinion, the bar was apprised that the court would deal with appeals improperly brought, of its own motion.

The appeal is dismissed, but without prejudice to an application for a *certiorari* which would properly bring up the proceedings for review, including the two orders not printed in the present case.