THE BARRETT COMPANY (UNITED STATES FIDELITY GUARANTY COMPANY, ASSIGNEE), v. UNITED BUILDING CONSTRUCTION COMPANY (BOROUGH OF LODI, GARNISHEE).

Decided December 27, 1926.

Contracts—Judgment Creditor a Subcontractor—Borough Retained Funds of Contractor Under the Contract to Make Good Defects Which Might Develop—Borough Claimed Such Defects Existed—Held, That a Case For Summary Order Has Not Been Made—Held, Further, That the Rights and Credits Levied on Must be Liquidated by a Suit Either in the Name of the Sheriff or of a Receiver.

On rule to show cause why moneys in the hands of garnishee should not be paid to assignee of the judgment.

Before PARKER, J., at chambers.

For the rule, *McDermott, Enright & Carpenter.*

*Contra, Winnie & Banta.*

Memorandum for the information of counsel.

The judgment creditor was a subcontractor of United Building and Construction Company, principal contractor with the

borough of Lodi. Upon the entry of judgment and issue of execution, levy was made pursuant to the supplement of 1915 to the Execution's act (*Pamph. L., p.* 182), upon a retained percentage in the hands of the borough applicable to the making good of defects in the contract work, which might develop within the stipulated period after it was accepted as complete, subject to such later claims. The amount is something over $700. The borough showed cause, claiming that defects developed which have not been made good by the con· tractor; and they appear not to have been made good by the borough as permitted by the contract. In view of this last fact, and of the other facts, the assignee of the judgment claims that the court should order the balance paid over to the sheriff in part satisfaction of the judgment.

I do not think a case for a summary order has been made. Section 9 of the supplement (*Pamph. L.* 1915, *pp.* 183, 184) authorizes the court to make such an order if the garnishee "admits" a "debt." But the garnishee has not admitted it. If the principal contractor were suing the borough it would be met by a counter-claim of defective work not made good, and the balance due it, if any, would have to be ascertained in the usual manner by a trial.

I consider that this case comes within section 5 of the supplement, and that the rights and credits levied on (in this case the claim to a retained percentage) must be liquidated, to use the language of the statute, by a suit, either in the name of the sheriff or of a receiver. This was the course pursued in *Sebring* v. *Pratt,* 91 *N. J. L.* 393, and seems to be the only way of judicially settling the question whether the borough is liable to those claiming under the contractor, and if so, to what extent.

This leads to a discharge of the rule to show cause. If the assignee of the judgment desires a receiver I will appoint one, although it should be fully as convenient to conduct the litigation through the sheriff, after indemnifying him against costs.