N. DRAKE, INCORPORATED, A CORPORATION, PLAINTIFF, v. DANIEL J. DONOVAN ET AL., DEFENDANTS.

Decided November 21, 1930.

Before Mr. Justice CASE (at chambers).

For the rule, *Harry Krieger.*

*Contra, Maurice C. Brigadier.*

MEMORANDUM.

Plaintiff, having recovered judgment on March 4th, 1930, caused execution against defendants to be issued to the sheriff of the county of Union. On March 6th, 1930, the sheriff, acting under chapter 115 (*Pamph. L.* 1915; 1 *Cum. Supp. Comp. Stat., pp.* 71, 79a, *et seq.*), levied on "all moneys in the hands of W. Richard Tracy, engineer and secretary of Union County Park commission, due or to become due to Daniel J. Donovan, being approximately $100; and any debt due or accruing from Union county park commission to said Daniel J. Donovan, same being in the amount of [contract for approximately $800]." Plaintiff then caused a rule to issue under section 9 of the statute (1 *Cum. Supp. Comp. Stat., pp.* 71, 99i), directing the defendant Donovan and the Union county park commission to show cause why any moneys in the hands of the commission then due, and any moneys thereafter to accrue, under the contract mentioned in the levy, should not be paid to the sheriff in satisfaction of plaintiff's judgment. In the course of the testimony taken under the rule it developed that the contract had been executed on or about November 19th, 1929, that the work comprehended by the contract had actually been begun on November 1st, 1929, and that on February 24th, 1930, there had been filed with the Union county park commission an assignment, dated September 17th, 1929, running from the plaintiff to his father, Daniel Donovan, Sr.—hereinafter called the assignee—purporting to make absolute conveyance of "all moneys due or to become due upon certain contracts entered into or to be entered into by me with Union county park commission of Union county, State of New Jersey, Landeman Brothers, namely, B. Landeman and A. Landeman of Elizabeth, New Jersey, and the Westfield Villa Corporation of Westfield, New Jersey, and Frank Harmon and Harmon & Harmon of Union City." The Union county park commission admitted that it had in its hands moneys accrued under the contract in the sum of $655.50 which it was ready to pay to the person entitled thereto, but it would not admit

the identity of the person so entitled. Thereupon plaintiff caused a supplementary rule to be issued of the same effect as the first but naming the assignee as an additional respondent.

On the return of the rule the defendant Donovan appears generally and contends (1) that the plaintiff must, in addition to proving that there is a debt due from the garnishee, show that the debt is due to the defendant, and that this the plaintiff has not done; (2) that the proceedings if at all appropriate should be under 1 *Cum. Supp. Comp. Stat., pp.* 71-9L, with the requirements of which plaintiff has not complied; and (3) that when the levy was made the money was not due. The assignee appears specially to assert that this court has no jurisdiction under the statute to adjudicate his rights and that if the statute should be held to confer that jurisdiction the provision is unconstitutional.

The plaintiff's position may briefly be stated as in contradiction of all the points thus presented in opposition by the defendant and the assignee and as in support of the proposition that the respondents are all brought in by the rule, as by due process of law, and that the only dispute is on legal questions which the court should decide. It seeks to have its rule made absolute against the defendant, the garnishee and the assignee.

The phraseology of the levy is not questioned.

It seems quite obvious that the legislature did not intend to leave the garnishee in jeopardy. The language of section 9, on which plaintiff relies, is as follows:

"9. After levy shall have been made under this act upon any debt due or accruing from a third person [herein called the garnishee] to the judgment debtor, the court or a judge thereof, may make an order upon such garnishee and the judgment debtor to show cause why the said debt [to an amount not exceeding the sum necessary to satisfy said execution] should not be paid to the officer holding the execution, or to the receiver. Upon return of the order to show cause or at any time to which the hearing may be continued,

an order may be made requiring the garnishee to pay said debt, if he admits it, to the officer in one payment or in installments, as the court or a judge shall deem just, which order may, at any subsequent time, on application, be modified, as may be just."

The words "an order may be made requiring the garnishee to pay said debt, *if he admits it,* to the officer" make the admitting of the debt a jurisdictional *sine qua non. The Barrett Co.* v. *United Building Construction Co.,* 5 *N. J. Mis. R.* 87. There can be no adequate admitting of the debt unless the garnishee admits, as its creditor, the defendant against whom the execution stands. The commission, for obvious reasons, does not admit that it owes the debt to the defendant. To do so would lead, presumably, to a present order for the payment of the funds to the sheriff, and, possibly, to a subsequent action by the assignee against the garnishee for the same funds. I find nothing in section 9 that anticipates the framing of an issue with the assignee or that compels the assignee to litigate his claim in this summary fashion.

The garnishee is here as one who interpleads, but the procedure is not established for that function. In other parts of the statute may be found authority for proceedings by the sheriff as by a receiver (*Sebring* v. *Pratt,* 91 *N. J. L.* 393), and indeed for the appointment of an actual receiver and for suit at law or in equity; and perhaps such an issue as plaintiff now seeks to litigate could be thereunder raised and disposed of. But to hold that plaintiff has correctly conceived its procedure under section 9 would, I fear, leave the garnishee an innocent stranger to plaintiff's problems, in perilous position and stretch the statute beyond the legislative intent.

Both rules are dismissed, with costs.