THE FIRST-MECHANICS NATIONAL BANK OF TRENTON, A NATIONAL BANKING CORPORATION, PLAINTIFF, v. NEW JERSEY BRICK AND SUPPLY COMPANY, INCOR-PORATED, ET AL., DEFENDANTS.

Submitted October 13, 1933—Decided January 28, 1934.

Before Justices Parker, Lloyd and Perskie.

For the plaintiff, *Scammell, Knight & Reese.*

For the defendant Karno-Smith Company, *Ellis L. Pierson.*

For the defendant Cold Spring Granite Company, *Sidney S. Stark* (*Ellis L. Pierson,* of counsel).

The opinion of the court was delivered by

Perskie, J.   The agreed state of facts are as follows: On October 21st, 1931, Karno-Smith Company, general contractor, one of the defendants, entered into a contract with the state house commission, acting for the state, for the erection of boulevards and approaches to the state house addition and war memorial building, at Trenton.

On November 16th, 1931, the Karno-Smith Company entered into a contract with the New Jersey Brick and Supply Company, Incorporated, also a defendant in this cause, for the furnishing and delivery of all granite for the undertaking.

The New Jersey Brick and Supply Company, Incorporated, in turn, purchased the granite from the other defendant Cold Spring Granite Company.   The granite so purchased actually went into the operation.

On September 3d, 1932, Cold Spring Granite Company notified Karno-Smith Company, by letter, that there was a balance due it from the New Jersey Brick and Supply Company, Incorporated, and that Karno-Smith Company should

hold said fund until further advice from it. At the time of the completion of the building, Karno-Smith Company had on hand $5,456.27 as the unpaid balance due under its contract with the New Jersey Brick and Supply Company, Incorporated.

On May 2d, 1933, the First-Mechanics National Bank of Trenton obtained a judgment against New Jersey Brick and Supply Company, Incorporated. On May 8th, 1933, it caused execution to be issued and levy made for the amount of its judgment and costs, totaling $855.62, upon the rights and credits, and money due to the New Jersey Brick and Supply Company, Incorporated, from Karno-Smith Company. Thereafter, Cold Spring Granite Company demanded of Karno-Smith Company the sum of $6,931.94, the balance due it for the granite supplied to New Jersey Brick and Supply Company, Incorporated. This demand was based upon the alleged obligation of Karno-Smith Company on a bond issued to the state house commission required by the statute of our state relating to contracts for public works. *Pamph. L.* 1918, *ch. 75, p.* 203; 1 *Cum. Supp. Comp. Stat., p.* 1765.

On July 14th, 1933, Cold Spring Granite Company agreed to accept from Karno-Smith Company, and the latter agreed to pay, the sum of $5,456.27 in satisfaction of the claim. Karno-Smith Company in fact paid the sum of $2,715.05 on account of this agreement. This left a balance of $2,741.22 for which the Cold Spring Granite Company instituted suit against Karno-Smith Company and the New Jersey Brick and Supply Company, Incorporated. The claim against Karno-Smith Company is based on the bond aforesaid. Neither defendant has answered this suit and no judgment has been taken. It was agreed, substantially, that the rights of the parties in that proceeding should be determined by the disposition of this appeal.

The New Jersey Brick and Supply Company, Incorporated, is insolvent, having no assets out of which the plaintiff is able to collect its judgment.

That the Cold Spring Granite Company is entitled to the benefits of chapter 75 (*Pamph. L.* 1918, *p.* 203), for the

money due it for the granite sold by it to the New Jersey Brick and Supply Company, Incorporated, and which granite was actually incorporated in the undertaking is well settled. All who furnish material incorporated in a public improvement, are protected under the statute no matter how far removed the person so furnishing the material may be from a contractual relationship with the general contractor.

In *Nutz* v. *A. W. Crone & Son* (*Court of Errors and Appeals*), 109 *N. J. Eq.* 95, Mr. Justice Bodine referring to this statute of 1918, held:

"\* \* \* The statute provides that the bond shall and it did contain an obligation for the payment by the contractor, as well as by all subcontractors for all labor performed or materials furnished in the construction of any public building. *The legislative purpose is apparently to secure the payment of all persons furnishing labor and materials on public work."* See, also, *J. Jacob Shannon & Co.* v. *Continental Casualty Co.,* 106 *N. J. L.* 200.

In the case of *N. A. K. Bugbee & Co., Inc.,* v. *Consolidated Indemnity and Insurance Co.,* 111 *N. J. L.* 323, Mr. Justice Parker for the Court of Errors and Appeals, held that the statutory bond required by chapter 75 of the laws of 1918 (*Pamph. L., p.* 203), is for the benefit of a subcontractor as well as for that of laborers and materialmen, and may be sued on by such subcontractor in a proper case.

The plaintiff next urges that inasmuch as at the time of its levy Karno-Smith Company had not paid the Cold Spring Granite Company the balance due it from the New Jersey Brick and Supply Company, Incorporated, that the Karno-Smith Company is therefore but a contingent creditor and cannot claim the right to set-off as against the debt its obligation under its bond to the state house commission. But is this question properly before us? We think not. This matter comes before us by a judgment creditor (bank) on a rule to show cause claiming preference over a materialman who has served a stop-notice. The bank made a levy on an alleged debt due the New Jersey Brick and Supply Company, Incorporated. That would justify the making of an order upon

the garnishee and the judgment debtor to show cause why the said debt (to an amount not exceeding the sum necessary to satisfy the said execution) should not be paid to the officer holding the execution, or to the receiver. Upon the return of the rule to show cause an order may be made requiring the garnishee to pay said debt, *"if he admits it." Pamph. L.* 1915, *ch.* 115, *p.* 183, 184, § 9. But the debtor in the instant case does not admit it. The garnishee claims that it was bound by the clear terms of the bond given by virtue of chapter 75 (*Pamph. L.* 1918, *p.* 203), and that it was put on notice of the fact that it would be called upon to answer the claim. In fact, as already indicated, it compromised the claim and suit is now pending against it for the balance. This would seem to be dispositive of plaintiff's claim so far as chapter 115 (*Pamph. L.* 1915, *p.* 182), is concerned. *Barrett Co.* v. *United Building and Construction Co.,* 5 *N. J. Mis. R.* 87; 135 *Atl. Rep.* 477; *M. Drake, Inc.,* v. *Donovan,* 8 *N. J. Mis. R.* 869; 152 *Atl. Rep.* 337.

The rule to show cause is discharged, with costs.