NATIONAL BANK OF NEW JERSEY, PLAINTIFF, v. ALFRED ROY AINSCOW, SUBSTITUTED ADMINISTRATOR OF THE ESTATE OF GEORGE W. AINSCOW, DECEASED, DEFENDANT.

Argued May term, 1934—Decided June 22, 1934.

Before Justices Trenchard, Heher and Perskie.

For the applicant, *Keating & Keating*.

For the defendant, *Theodore Strong & Son* (*Stephen V. R. Strong*, of counsel).

Per Curiam.

This is an application for a rule directing the Commercial Trust Company and the defendant to show cause

why the sum of $708.14 on deposit in the Commercial Trust Company to the credit of George W. Ainscow & Son, levied upon by the sheriff of Hudson county by virtue of an execution issued out of the Supreme Court, should not be turned over and paid to the sheriff of Hudson county for the use of the plaintiff.

The same application was made to the Chief Justice who issued a rule to show cause such as is now sought and after hearing discharged the rule. Now the same application is made to this court, and the defendant insists that we have no jurisdiction in the circumstances to grant the rule.

There seems to be merit in this contention. The case of *Gordon* v. *Pannaci,* 90 *N. J. L.* 392; 103 *All. Rep.* 677, indicates that the review sought may be had only by *certiorari.*

But apart from that we think that we would not be justified in allowing this rule. The Chief Justice discharged the rule because section 108 of the Orphans Court act provides that no execution shall issue in any case after the making of an application to have decedent's estate declared insolvent, and that such application had been made. We find no fault with that conclusion. That the estate was insolvent at the time of the execution and levy seems to be admitted, and certainly was not denied.

Moreover, this application was made pursuant to section 9 of the Supplement of the Execution act. *Pamph. L.* 1915, *p.* 182. Thereunder "an order may be made requiring the garnishee to pay said debt, if he admits it, to the officer," and such an admission is essential to the jurisdiction. In *N. Drake, Inc.,* v. *Donovan,* 8 *N. J. Mis. R.* 870; 152 *All. Rep.* 337, it was said "there can be no adequate admitting of the debt unless the garnishee admits, as its creditor, the defendant against whom the execution stands." It will be noticed that the defendant against whom the execution stands in this case is the administrator of the estate of George W. Ainscow, deceased. The levy was upon all the right, title and interest of Alfred Roy Ainscow, substituted administrator of the estate of George W. Ainscow, deceased, in and to certain moneys in the sum of $708.14 on deposit in the Commercial Trust Company to the credit of George W. Ainscow & Son.

The most that is said in regard to the admission is that the bank "said that said sum of money was held on deposit to the credit of George W. Ainscow & Son."

It seems to us quite plain that such was not an admission by the bank that it was a creditor of the defendant against whom the execution stands.

In such posture of affairs it seems the court would not be justified in ordering this sum of money to the plaintiff in such a proceeding as this.

The application for a rule is denied, with costs on this motion.