**FIRST STATE BANK OF JACKSONVILLE, TEX., v. PURE VAN PIPE LINE CO.**

No. 7423.

Circuit Court of Appeals, Fifth Circuit.

May 29, 1935.

M. M. Guinn, of Rusk, Tex., for appellant.

George E. B. Peddy, of Houston, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

The First State Bank of Jacksonville, appellant, brought suit on December 29, 1930, in the district court of Cherokee county, Tex., against the Pure Van Pipe Line Company, appellee, to recover $4,770, with interest at 6 per cent. per annum, from June 10, 1930. The suit was based

on three notes, given to the bank by one O. C. Fox, aggregating $4,400, with interest, all past due and unpaid. The petition alleged that Fox had executed the notes as agent of appellee. The cause was removed to the District Court and, by amended petitions, the bank alleged as an additional cause of action that Fox had assigned to it a debt owing to him by appellee amounting to $4,770 and the loan, evidenced by the notes, had been made on the faith of that assignment. The bank also pleaded estoppel of appellee to deny the claim. The case was tried without intervention of a jury. The District Court made extensive findings of fact and entered judgment in favor of appellee. This appeal followed. The errors assigned all run to the conclusions of the court and may be considered together.

From the findings of fact, which are supported by the record, it appears that during April, May, and June 1930, appellee was engaged in the construction of a pipe line, leading from the Van Oil Field in Van Zandt county to Smith's Bluff in Jefferson county, Tex., and engaged O. C. Fox to furnish teams to be used in doing the work. Fox had a series of transactions with the bank in which from time to time he borrowed money. On April 29, 1930, he negotiated a loan of $705, and on that day wrote a letter to appellee assigning that amount to the bank and instructed it to send a check for it direct to the bank. This assignment was accepted by appellee, through F. C. Anderson, who, though designated as timekeeper, was apparently in charge of the work, and thereafter appellee paid the bank the amount. On May 12, 1930, Fox negotiated another loan with the bank in the sum of $1,000. In connection with this loan, Devereaux, an officer of the bank, called Bowes, treasurer of appellee, and was told by him it would be all right to make the loan to Fox. Fox paid off this loan personally. On May 26, 1930, Fox borrowed $1,900 from the bank, supposedly for the purpose of paying for mules. At this time he had on deposit with the bank $723.

On May 17, 1930, Fox addressed a letter to the bank in the following terms:

"Jacksonville, Tex., May 17, 1930.
"First State Bank,
"Jacksonville, Texas.
"Dear Sir:
"This is to advise that I have instructed the Pure-Van Pipe Line Company to forward direct to you all my checks due me by them for payment of teaming from time to time, and I hereby assign to you sufficient amount to cover any and all indebtedness that I am now due the bank, or may hereafter become indebted to your bank by note or otherwise.

"You are hereby authorized to supply proper indorsement.

"O. C. Fox."

By letter dated May 26, 1930, Anderson advised the bank as follows:

"Forrest, Tex., May 26, 1930.
"First State Bank,
"Jacksonville, Texas.
"Gentlemen:
"This is to advise that Mr. O. C. Fox has approximately $2,900.00 due him for teaming May 1st to 15th, and approximately $1,900.00 May 16th to date.
"Yours very truly,
"Pure-Van Pipe Line Company,
"By F. C. Anderson."

On June 7, 1930, Fox borrowed $2,500 from the bank, executing two notes for the same. With the $1,900 borrowed on May 26, 1930, he then owed the bank $4,400, which was never paid. Fox left for parts unknown a short time after obtaining the last loan. On June 10, 1930, Devereaux, an officer of the bank, called Bowes, treasurer of appellee, and told him about the $4,400 loan to Fox and about the letter the bank had received from Anderson advising it that Fox had approximately that much coming to him. He said nothing about the assignment of May 17, 1930. Bowes requested the bank to send him copies of any orders he had concerning the account. The bank sent him a copy of the letter from Anderson, but did not send a copy of the letter from Fox. On June 10, 1930, appellee was served with a garnishment out of the county court of Angelina county, in the case of Rube Sessions v. O. C. Fox and within a few days thereafter various laborers' liens were filed in Angelina county, the total amount of the liens being in excess of the amount held by appellee to the credit of Fox. Appellee answered the garnishment and impleaded the laborers in that suit. The bank was advised that the garnishment had been run and that the laborers' liens had been filed, and was requested by appellee to intervene in the suit in Angelina county. The bank did not intervene in that suit, did not send the appellee a copy of the letter from Fox dated

822

May 17, 1930, did not notify appellee of the assignment of the debt until after all the money due Fox had been paid out by appellee in settlement of the garnishment and laborers' liens. It was not shown that Fox had requested appellee to send his checks for what was due him as estimated by Anderson on May 26th, or that he had advised appellee of an assignment of this amount.

We put aside without discussion the contention that Fox executed the notes as agent of appellee, as it is entirely without merit. The assignment of $705 on April 29th by Fox went no further than that transaction, and it was complied with. The letter of May 26th signed by Anderson and addressed to the bank, was merely an estimate of the amount due to Fox at that time, and is in no sense an acknowledgment of the assignment made on May 17th or a promise to pay Fox's future checks to the bank. Fox's letter of May 17th was an assignment to the bank, but appellee was given no notice of this assignment until after it had paid out all that was due Fox on other valid claims against him, for payment of which appellee would be liable. It is well settled that a debtor is not affected by an assignment of his debt until he has notice of the assignment. When claim is made against him on the assignment, he may set up any defense that would be available against the assignor arising prior to the receipt of notice, 5 C. J. 934, § 95, Assignments; Ross v. Smith, 19 Tex. 171, 70 Am. Dec. 327; Baker v. Wood, 157 U. S. 212, 15 S. Ct. 577, 39 L. Ed. 677. Appellee promptly notified the bank and invited it to intervene in the suit in the state court. The excuse of the bank for not intervening is that the court did not have jurisdiction over the amount of its claim against Fox. Conceding that the bank could not have asked for affirmative relief, it is doubtful that that would have prevented intervention to set up the assignment and the claim thereunder as a defense in aid of appellee. It is apparent that appellee has done nothing that would prejudice the bank in asserting its rights so as to work an estoppel.

We agree with the conclusions of the District Court.

The record presents no reversible error.

Affirmed.