### ZIMMERN v. UNITED STATES.*
### No. 7702.

Circuit Court of Appeals, Fifth Circuit.

Dec. 29, 1936.

Rehearing Denied Feb. 2, 1937.

See, also, 79 F.(2d) 703; 80 F.(2d) 993.

Jesse F. Hogan and Norman H. Rattner, both of Mobile, Ala., for appellants.

Francis H. Inge, U. S. Atty., and Leo H. Pou, Asst. U. S. Atty., both of Mobile, Ala., and M. H. Eustace, Sp. Asst. to Atty. Gen., for the United States.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment canceling certain deeds executed by appellant Samuel Zimmern to other appellants and awarding judgment for taxes. The material facts disclosed by the record are as follows:

The Commissioner of Internal Revenue determined a deficiency of $66,151.78 in income taxes on returns made by Samuel Zimmern for the year 1920. On petition to the Board of Tax Appeals the assessment was sustained and an order to that effect was entered on January 17, 1928. Thereafter, as a result of an appeal to this court, the deficiency assessment was reduced to $53,236.51, which judgment became final. Pending the appeal to this court, on January 25, 1928, Samuel Zimmern executed and delivered a deed to his wife, Leila Zimmern, transferring all his right, title, and interest in a lot of ground in Mobile, Ala., with improvements thereon, described generally as No. 1116 Government street. The consideration named was love and affection and other good and valuable considerations. The next day, January 26, 1928, Samuel Zimmern, joined by his wife, executed a deed to his three minor children, Samuel Zimmern, Jr., Jennie Zimmern, and Leila Zimmern, who

*Writ of certiorari denied 57 S. Ct. 614, 81 L. Ed. —.

was married, transferring another lot of ground in Mobile, Ala., with improvements thereon and designated as Nos. 55-57 and 59 North Royal street. The consideration was merely love and affection for the children.

On October 15, 1929, the United States filed this suit, under authority of the Commissioner of Internal Revenue, to set aside these conveyances and collect the taxes due. The bill, in substance, alleged that the conveyances were voluntary, without consideration, made at a time when the United States was an existing creditor of Samuel Zimmern, and were intended as gifts; that Samuel Zimmern was left without money, assets, or property, out of which the tax could be collected; that the taxes were uncollectible though timely and diligent efforts had been made to do so. Samuel Zimmern was appointed guardian ad litem, for his minor unmarried children. An answer was filed, which admitted the debt, alleged Samuel Zimmern owned other property sufficient to pay the taxes, which property was described, and set up valuable considerations for the deeds.

Mrs. Zimmern had borrowed $10,000 from the First National Bank of Mobile on certain collaterals. In an effort to compromise the claim, $10,000 was paid on the taxes in January, 1930, but with accrued interest the amount due the United States exceeded $55,000 when the judgment was entered in the District Court. After the bill was filed, Mrs. Zimmern executed a mortgage, on the property transferred to her, to the bank as additional security for the loan. The bank was not made a party to the suit and did not intervene.

The trial was had before the judge, who saw and heard the witnesses. He made no specific findings of facts, but referred to them to some extent in an opinion found in the record. He found that the indebtedness of Samuel Zimmern to the United States antedated both conveyances. He rejected the contention that there was substantial consideration for either deed and found that Zimmern had no other property out of which the taxes could have been collected by execution. He also held that the bank was not a necessary party to the suit.

A decree was entered giving judgment for the taxes, ordering the deeds canceled and the property sold, but requiring that out of the proceeds of the property No.

1116 Government street the homestead exemption in the sum of $2,000 should be paid to Mrs. Zimmern, and, further, that the land be sold subject to any dower rights of Mrs. Zimmern.

The assignments of error all run to the entry of judgment. They do not specifically point out any errors of the District Court in reaching his conclusions as to the facts. The contentions of appellants are: (1) That the bank should have been made a party to the suit; (2) that the evidence was not sufficient to support the judgment; and (3) that the remedies provided by the federal statutes for the collection of taxes are exclusive and the United States was not entitled to any remedy provided by the state law.

We may consider the contentions of appellant in the above order. The bank would have been a proper party, but was not a necessary party. As the mortgage was given after the suit was filed, the bank acquired its right subject to the outcome of the suit. If it has any, the way is still open to assert them in a proper proceeding. Furthermore, it is not a point that appellants could properly raise since whether the bank is a party or not, that does not affect their own rights in the slightest.

We will not stop to review the evidence in the record as it is rather lengthy and considerably involved. The District Judge was in the best position to weigh the evidence and determine its probative value. It is sufficient to say that a clear preponderance supports his conclusions.

Nor is it necessary to review the many authorities cited by counsel for all parties. There is no doubt that under the law of Alabama an ordinary creditor would have had the right to sue to set aside the conveyances as in fraud of his rights and, on a similar showing, would have prevailed. Schwab v. Powers, 228 Ala. 205, 153 So. 423. It would be strange indeed if the United States were deprived of a remedy enjoyed by one of her citizens. A lien existed on any property of the taxpayer for the collection of taxes and in ordinary cases collection could be enforced by distraint. But distraint would not be an adequate remedy in this case as title to the only property subject to the lien, and out of which collection could be enforced, had passed out of the taxpayer. The Act of March 3, 1911, § 289 (26 U.S. C.A. § 1644), provides that taxes may be

sued for and recovered in the name of the United States in any proper form of action. The proper form of action in the circumstances here disclosed was a suit to cancel the deeds transferring the property and for collection of the taxes out of that property, to such extent as might be possible. The principles announced in United States v. Haar (C.C.A.) 27 F.(2d) 250, are applicable to this case.

The record presents no reversible error.

Affirmed.