**KARNO–SMITH CO. v. MALONEY, Collector of Internal Revenue.**

No. 7261.

Circuit Court of Appeals, Third Circuit.

June 17, 1940.

Ellis L. Pierson, of Trenton, N. J., for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, J. L. Monarch, and Fred J. Neuland, Sp. Assts. to the Atty. Gen., and William F. Smith, Acting U. S. Atty., and Thorn Lord, Asst. U. S. Atty., both of Trenton, N. J., for appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

On October 21, 1931, Karno-Smith Company, a corporation engaged in the general contracting business and the plaintiff in this suit, entered into a contract with the New Jersey State House Commission for the construction of a public building. On November 16, 1931, the plaintiff entered into a contract with New Jersey Brick & Supply Co., Inc., to furnish the granite for the building. The Supply Company, in turn, purchased the granite from the Cold Spring Granite Company. The granite was furnished by the Granite Company and actually went into the public building.

Pursuant to the provisions of the New Jersey Act of Feb. 16, 1918 (Laws of 1918, pp. 203–205, now R.S. 2:60–207 to 2:60–211 incl.,[1] N.J.S.A. 2:60–207 to 2:60–211 incl.), the plaintiff gave a bond conditioned upon payment for all materials furnished in the construction.

The Supply Company became insolvent and failed to pay the Granite Company for the granite furnished by the latter, and on September 3, 1932, the Granite Company notified the plaintiff by letter that there was a balance due it from the Supply Company and that the plaintiff should withhold the sum of $5,456.26 which it owed the Supply Company under its contract until further advice.

The Supply Company also owed the United States for income taxes for the years 1930 and 1931, and on February 28, 1932, a warrant for distraint was served upon the Supply Company for the balance of its 1930 tax. On September 10, 1932 a notice of tax lien was recorded in the office of the clerk of Mercer County, New Jersey. On September 12, 1932, the plaintiff was served with a notice by the collector of internal revenue that all property and rights to property then in its possession and belonging to the Supply Company and

all sums of money owing from the plaintiff to the Supply Company were seized, levied and demanded in payment of the said tax for 1930 due from the Supply Company. On February 21, 1933, a similar notice was served on the plaintiff with respect to the taxes of the Supply Company for 1931. The plaintiff failed to comply with these demands and on September 18, 1933, final notices and demands were served upon the plaintiff with respect to both years.

Meanwhile on May 2, 1933, the First-Mechanics National Bank of Trenton obtained a judgment in the New Jersey Supreme Court against the Supply Company in the amount of $855.62, and on May 8, 1933 caused a writ of execution to be issued and levy made upon the rights, credits and moneys due to the Supply Company from the plaintiff. A rule to show cause why the plaintiff should not pay the bank's judgment was discharged by the court. First Mechanics' Nat. Bank of Trenton v. New Jersey Brick & Supply Co., 112 N.J.L. 218, 171 A. 176. On July 14, 1933 the plaintiff agreed to pay and the Granite Company agreed to accept the sum of $5,456.27 in full satisfaction of the Granite Company's claim under the bond.

On February 27, 1934, the plaintiff pursuant to the notices and demands served upon it by the collector paid to him under protest the amounts levied, with interest, and costs, $2,415.55 in all. Claims for the refund thereof having been filed and disallowed the plaintiff brought the present suit in the District Court for the District of New Jersey to recover the amount paid. The District Court entered a judgment of nonsuit. 28 F.Supp. 907. The present appeal followed.

▆ The demands of the collector in this case were made pursuant to the provisions of Section 1114(e) of the Revenue Act of 1926, the pertinent provisions of which now appear as Section 3710(a) of the Internal Revenue Code (26 U.S.C.A. Int.Rev.Code, § 3710(a) as follows: "Any

[1] R.S. 2:60–207, N.J.S.A. 2:60–207, is as follows: "When public buildings or other public works or improvements are about to be constructed, erected, altered or repaired under contract, at the expense of the state or any county, municipality or school district thereof, the board, officer or agent contracting on behalf of the state, county, municipality or school district, shall require the usual bond, as provided for by law, with good and sufficient sureties, with an additional obligation for the payment by the contractor, and by all subcontractors, for all labor performed or materials, provisions, provender or other supplies, teams, fuels, oils, implements or machinery used or consumed in, upon, for or about the construction, erection, alteration or repair of such buildings, works or improvements."

692

person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector or deputy collector making such levy, surrender such property or rights to such collector or deputy, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process." The question which this appeal presents is whether the plaintiff had in its possession a right of the Supply Company to property subject to distraint for the latter's taxes. For the answer to this question we must turn to the New Jersey rules of property.

In Nutz v. Murray-Nutz, Inc. (A. W. Crone & Sons), 109 N.J.Eq. 95, 156 A. 668, the Court of Errors and Appeals of that state definitely held that an insolvent subcontractor cannot recover an amount ostensibly due him from the contractor when the latter is in fact obligated under his statutory bond for more than that amount to one of the materialmen of the subcontractor. That case is indistinguishable in principle from this one. The right of set-off thus recognized by New Jersey law was available to the plaintiff in this case and by reason of its existence the Supply Company had no enforceable right to property in the plaintiff's hands which was subject to attachment or distraint at the instance of the Supply Company's creditor, the collector. The distraints which the latter made were, therefore, not authorized by law and the sum exacted from the plaintiff was wrongfully collected and should have been refunded.

 We think the equities of the case are clearly with the plaintiff. It finds itself in a dilemma forced upon it by the law. Under its contract it is obligated to its subcontractor and under its bond it must pay the latter's unpaid debt to its materialman. The two obligations arise out of the same transaction, but payment of the subcontractor's taxes pursuant to the collector's levy and demand will not and cannot discharge the obligation to the subcontractor's materialman which the statutory bond imposes upon the plaintiff. Under these circumstances it would be manifestly inequitable to enforce both obligations. United States v. Bank of Shelby, 5 Cir., 68 F.2d 538. We think it clear that in a case of this kind the rights of the collector rise no higher than those of the taxpayer whose right to property is sought

to be levied on. United States v. Western Union Telegraph Co., 2 Cir., 50 F.2d 102.

It is suggested by the collector that the payment was a voluntary one by a person other than the taxpayer and, therefore, not recoverable. The sum was wrongfully collected, however, as we have seen. Section 3226, Rev.Stat., now Section 3772 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3772(a) (1), (b), clearly authorizes the recovery of "any sum * * * in any manner wrongfully collected" "whether or not such * * * sum has been paid under protest or duress." The defense of voluntary payment is accordingly not available, while the statute is sufficiently broad to cover a payment by one other than a taxpayer. White v. Hopkins, 5 Cir., 51 F.2d 159; United States v. S. F. Scott & Sons, 1 Cir., 69 F.2d 728.

The judgment of the District Court is reversed, with directions to enter judgment for the plaintiff for the full amount of its claim.