## UNITED STATES v. MANUFACTURERS TRUST CO.

### No. 262, Docket 22375.

United States Court of Appeals Second Circuit.

Argued June 6, 1952.

Decided July 28, 1952.

Myles J. Lane, U. S. Atty., New York City, for appellant; Joseph N. Friedman, Asst. U. S. Atty., New York City, of counsel.

Simpson Thacher & Bartlett, New York City, for defendant-appellee; Douglas A. Calkins, George B. Balamut and David G. Sacks, New York City, of counsel.

Before SWAN, Chief Judge, and CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The interesting question raised by this appellant concerns the steps which must be taken by the government to collect the taxes due from a delinquent taxpayer out of her funds on deposit in a savings [1] account in the appellee bank.

It is undisputed that one Ruth Post owed the United States eighty-three dollars plus interest as the unpaid remainder of the amount she was properly assessed for income taxes for 1949. Also, that there is, and at all pertinent times was, on deposit, in her name in a savings account in the Manufacturers Trust Company, a New York commercial banking corporation having its principal office and place of business in the City of New York, funds, in excess of the

---

1. The account involved is denominated a "Special Interest Account" but it is, for all purposes here relevant, the same as a savings account.

amount here sought to be recovered, payable to her upon demand and the presentation of her pass book.

Before this suit was brought payment was duly demanded of the taxpayer and, upon her failure to pay in full within ten days, a notice of levy and warrant of distraint was served upon the bank pursuant to the provisions of Sections 3690 and 3692 of Title 26 U.S.C.[2] A demand, pursuant to the provisions of Section 3710(a) of Title 26 U.S.C.,[3] was duly made upon the bank to surrender so much of the deposit to the collector as was required to pay the remainder, with interest, of the tax Miss Post owed but the bank refused to comply with the demand because the depositor's pass book was not presented to it. At the time of this demand the bank account was not subject to an attachment or execution under any judicial process. This suit was, thereupon, brought pursuant to Section 3710(b)[4] to recover from the bank a sum equal to the taxes due plus interest together with costs and interest from the date of the levy and distraint. Both sides moved for summary judgment and the government has appealed from an order granting the motion of the bank.

The contract of the bank with its depositor required it to make payment to her only "upon presentation of the pass book" or, upon receiving satisfactory indemnity, "in the event that a pass book has been lost, stolen, or destroyed, or in any exceptional case where the pass book cannot be produced, without serious loss or inconvenience to the depositor, and the depositor shall immediately notify the Company in writing stating the facts relating to said loss, theft, destruction or exceptional case to the Company, * * *."

The position of the bank may be outlined as follows: The relationship between the bank and its depositor is that of debtor and creditor, Fidelity & Casualty Co. of N. Y. v. Farmers National Bank of Hudson, 275 N.Y. 194, 9 N.E.2d 833, and, therefore, it is not obliged to make payments out of the account except in conformity with the contract which created that relationship. Bank of United States v. Public Bank of New York City, 88 Misc. 568, 151 N.Y.S. 26, affirmed 168 App.Div. 915, 152 N.Y.S. 1098; Krupp v. Franklin Savings Bank, 255 App. Div. 15, 5 N.Y.S.2d 365. The distraint, at most, gave the government the rights of a judgment creditor who has levied upon the depositor's property, United States v. Warren R. Co., 2 Cir., 127 F.2d 134, and, as such, the government obtained no greater rights than the depositor. Karno-Smith Co.

2. 26 U.S.C. § 3690.
"If any person liable to pay any taxes neglects or refuses to pay the same within ten days after notice and demand, it shall be lawful for the collector or his deputy to collect the said taxes, with such interest and other additional amounts as are required by law, by distraint and sale, in the manner provided in this subchapter, of the goods, chattels, or effects, including stocks, securities, bank accounts, and evidences of debt, of the person delinquent as aforesaid."
26 U.S.C. § 3692.
"In case of neglect or refusal under section 3690, the collector may levy, or by warrant may authorize a deputy collector to levy, upon all property and rights to property, except such as are exempt by the preceding section, belonging to such person, or on which the lien provided in section 3670 exists, for the payment of the sum due, with interest and penalty for nonpayment, and also of such further sum as shall be sufficient for the fees, costs, and expenses of such levy."

3. 26 U.S.C. § 3710(a).
"Any person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector or deputy collector making such levy, surrender such property or rights to such collector or deputy, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process."

4. 26 U.S.C. § 3710(b).
"Any person who fails or refuses to so surrender any of such property or rights shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes (including penalties and interest) for the collection of which such levy has been made, * * *."

v. Maloney, 3 Cir., 112 F.2d 690. It seeks to bolster its position by insisting that the presentation of the pass book is necessary to show that the bank owed the depositor anything subject to distraint and relies upon cases like United States v. Metropolitan Life Ins. Co., 2 Cir., 130 F.2d 149 and United States v. Massachusetts Mut. Life Ins. Co., 1 Cir., 127 F.2d 880.

As a second defense, appellee points out that it is a member of the Federal Reserve System subject to the rules and regulations of the Board of Governors which have been promulgated under Section 371b of Title 12 U.S.C.A. to effectuate the purposes of Section 19 of the Federal Reserve Act, as amended, 12 U.S.C.A. §§ 371b and 461, relating to "savings deposits." Section 1 (e)(2) of Federal Reserve Regulation Q provides as to savings deposits that,

"Withdrawals are permitted in only two ways, either (i) upon presentation of the pass book, through payment to the person presenting the pass book, or (ii) without presentation of the pass book, through payment to the depositor himself but not to any person whether or not acting for the depositor, * *".

The last point is not well taken since, if the statute is construed to permit distraint in the manner here attempted, the regulations of the Board of Governors of the Federal Reserve Board cannot abrogate the power of the Treasury to enforce the collection of taxes. Cf. 12 U.S.C.A. § 246. And, there is nothing to make reasonable any conclusion that they were so intended.

Nor is the argument tenable that the presentation of the pass book is analogous to the condition precedent present in United States v. Metropolitan Life Ins. Co. supra, the performance of which was held necessary to the creation of any rights in property which were subject to distraint. That case involved the right of the government to reach the cash surrender value of a life insurance policy and the basis for decision was that the insurance company did not owe this amount to the insured unless, and until, the insured elected to receive it by relinquishing his other rights under the policy. It was held that the government could not make this election for the insured. But there is no like situation here. The relationship of debtor-creditor exists between the bank and its depositor regardless of the presentation of the pass book. See Myers v. Albany Savings Bank, 270 App.Div. 466, 60 N.Y.S.2d 477, affirmed 296 N.Y. 562, 68 N.E.2d 866.

This brings us to the main contention of the appellee which is that the distraint has no more effect than to put the government in the position of the depositor vis a vis the bank, i. e., to give it only the rights of an assignee pro tanto of the depositor's account. If this were so, the above outlined argument of the appellee would be conclusive since the bank would be bound to surrender only in accordance with the terms upon which it had agreed to pay its depositor. However, the remedy of the government to enforce collection of taxes by the summary administrative method of distraint is not so limited in its effect and is a special privilege it has which is analogous to, but in addition to, garnishment and other remedies of an ordinary creditor. Zimmern v. United States, 5 Cir., 87 F.2d 179, certiorari denied 300 U.S. 671, 57 S.Ct. 614, 81 L.Ed. 877. Cf. United States v. Long Island Drug Co., 2 Cir., 115 F.2d 983. It is a constitutionally valid expedient for the collection of taxes necessary to the very existence of government, Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; Springer v. United States, 102 U.S. 586, 26 L.Ed. 253; Murray's Lessee v. Hoboken Land & Improvement Co., 18 How.(U.S.) 272, and has been available by law since 1791. See Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421. In 1926 this remedy of the government was extended in the statutes above mentioned to permit the seizure of the property of a taxpayer in the hands of a third party and, at that time, the definition of property, or rights to property, subject to such seizure was made to include bank accounts. 26 U.S.C. § 3690.

The terms of the statute permit the third person upon whom is made a demand for property in his possession only two defenses; that he is not in possession of property of the taxpayer which is subject to distraint, or that the property is subject to a prior judicial attachment or execution. The statute admits of no other defenses. The appellee raises neither of these defenses and that determines the matter. Its contractual right to have the pass book presented before making payment is but a banking convenience to facilitate the identification of persons who are properly entitled to withdraw from the account but it is not enforceable to the letter in every case even where the original depositor, the contracting party, makes the demand. Myers v. Albany Savings Bank, supra. To be sure, the bank is entitled to the substance of the protection which it obtained for itself by the imposition of this requirement, that is, protection from claims by one presenting the pass book, in which no entry of the amount surrendered appeared, with a demand for the payment in whole or in part of what had been surrendered. What we have held in no way deprives the appellee of such protection. The pass book, being a non-negotiable chose in action, payment, or its equivalent in this instance, surrender, out of the account without prior notice of any rights of third parties, and no such notice is claimed, would release the bank from further liability for what had been surrendered. Wade v. Security Savings & Commercial Bank, 69 App.D.C. 226, 99 F.2d 995; First State Bank of Jacksonville, Tex. v. Pure Van Pipe Line Co., 5 Cir., 77 F.2d 820. Absent possible liability for double payment, the bank could not by agreement with its depositor immunize the account from distraint. As was said by Booth, C. J., speaking for the Court of Claims in First Trust Co. of Omaha v. United States, 1 F.Supp. 900, 904,

> "Agreements entered into between individuals may not prevail as against the provisions of the [Internal] revenue laws if in conflict therewith."

Judgment reversed.