Lucius ANTRUM, Plaintiff,

v.

UNITED STATES of America, James Graham, Director of the Internal Revenue for the District of Connecticut, and the Seymour Manufacturing Company, Defendants.

Civ. A. No. 4590.

United States District Court
D. Connecticut.

Dec. 15, 1953.

Company, on which relief may be granted, for it sets up payment or surrender by the employer upon a valid distraint for taxes due. Plaintiff relies upon the statutory limitations on garnishment of wages under the Connecticut law.

No such garnishment or foreign attachment under Connecticut law was here attempted, however, the Director relying upon the additional remedy of distraint given him by the federal internal revenue law itself. This course is within the power of the Director. United States v. Long Island Drug Co., 2 Cir., 1940, 115 F.2d 983, 985–986; United States v. Manufacturers Trust Co., 2 Cir., 1952, 198 F.2d 366, 368.

Judgment may be entered dismissing the action.

Frank S. Meadow, New Haven, Conn., for plaintiff.

Simon S. Cohen, U. S. Atty., Edward J. Lonergan, Asst. U.S. Atty., Hartford, Conn., for U. S. and James Graham, Dir. of Int. Rev.

Raymond E. Hackett and Edward F. Snyder, Stamford, Conn., for Seymour Mfg. Co.

SMITH, Chief Judge.

Plaintiff taxpayer sues to enjoin the Director of Internal Revenue from continuing a levy upon his wages in the hands of his employer, to vacate the existing levy, to recover the wages from the employer, and so far as already paid over, to recover them from the United States and from the Director of Internal Revenue.

All parties defendant move to dismiss.

The motions to dismiss are well taken. So far as the action seeks to enjoin the Director, it is barred by 26 U.S.C. § 3653. So far as it seeks to recover from the United States and the Director the sums paid, it is barred by 26 U.S.C. § 3772 since no claim for refund or credit has been filed.

It fails to state a claim against the employer, Seymour Manufacturing