## FIRST TRUST CO. OF OMAHA et al. v. UNITED STATES.

### No. L-180.

Court of Claims.

Dec. 5, 1932.

Walter E. Barton, of Washington, D. C. (Joseph Morton, of St. Joseph, Mo., and Raymond C. Cushwa, of Washington, D. C., on the brief), for plaintiffs.

John W. Hussey, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and WHALEY, WILLIAMS, LITTLETON, and GREEN, Judges.

BOOTH, Chief Justice.

This is a tax case. The facts are not seriously disputed and may not be. During his life, George A. Hoagland was engaged in the business of buying and selling lumber and building materials and had established a number of lumber yards in cities in the states of Nebraska and Iowa. On January 22, 1914, George A. Hoagland and William W. Hoagland, his son, entered into a partnership agreement to take over and conduct as copartners the individual enterprise formerly conducted by George A. Hoagland.

The copartnership agreement, so far as pertinent to the issues in this case, provided in terms as follows: "This copartnership will begin January 1, 1914, and continue for 10 years, unless sooner dissolved by mutual consent. Should either partner die before the expiration herein provided for, it shall not work a dissolution of the firm, providing the surviving partner desires to continue the business, in which event no property of the decedent not in the capital stock of the firm at his death shall be liable for the firm debts."

George A. Hoagland died testate on December 6, 1923, and his son, William W. Hoagland, elected to continue the business in accord with the copartnership agreement and certain provisions of his father's last will. On the date of the death of George A. Hoagland, the father, inventories were in process of completion for the computation of profits realized from the partnership business; the same being conducted upon a calendar year basis ending December 31 of each year. On January 10, 1924, it was ascertained that the profits of the business totaled $49,060.76, of which amount the decedent, George A. Hoagland, was entitled to $24,530.38.

The plaintiffs, as executors of the estate of George A. Hoagland, filed an income tax return for the decedent for the period from January 1, 1923, to the date of his death December 6, 1923, and in said return did not include the $24,530.38, decedent's ascertained share of the copartnership profits as income derived by him from January 1, 1923, to December 6, 1923, the date of his death; on the contrary, in a later estate tax return plaintiffs included said sum as a part of the corpus of decedent's estate.

The Commissioner of Internal Revenue on June 10, 1925, in a reaudit of the plaintiff's income tax return filed for the decedent for the period from January 1, 1923, to December 6, 1923, added to the net income so reported $22,815.90, the conceded net proportion of decedent's share of the profits of the copartnership for the period above mentioned, and thereafter assessed against the estate an additional income tax for the above period of $8,544.27, and this tax with accrued interest of $674.80 was paid by plaintiffs. A refund claim was timely filed by plaintiffs. It was denied by the Commissioner, and this suit was filed May 13, 1930, to recover the same.

The one and only question involved in the controversy is confined to whether the profits realized from the copartnership constituted income to the deceased partner from January 1, 1923, to December 6, 1923. The plaintiffs, in order to recover, must establish the contrary. The briefs of counsel cite a vast number of cases bearing upon the question as to whether a copartnership is or is not dissolved by the death of a partner when the copartnership agreement contains an express provision that the death of a partner shall not work a dissolution. We do not think it essential as a point in issue to discuss the above question. The case must, in our view of the law, turn upon the relationship of the decedent, George A. Hoagland, to the government in virtue of the revenue laws applicable to the facts, and not upon correlative rights and liabilities attached to a copartnership agreement between the parties who made it. Agreements entered into between individuals may not prevail as against the provisions of the revenue laws if in conflict therewith.

Section 218 (a) of the Revenue Act of 1921 (42 Stat. 245) is in the following language: "Sec. 218. (a) That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the fiscal or calendar year upon the basis of which the partner's net income is computed."

We will not set out the provisions of section 213 (a) of the above Revenue Law of 1921 (42 Stat. 238), which in detail defines income. It would not be doubted that the decedent would have been required to report his share of the profits of the copartnership if he had lived until the close of the calendar year 1923, whether he had actually received the same or not. The profits were income to a copartner, and the contention of the plaintiffs seems to rest upon the proposition that by an agreement between the parties the decedent may escape the payment of an income tax upon this sum because his demise precludes their ascertainment to a date subsequent thereto. We think the contention untenable, and that a line of decisions of the Board of Tax Appeals sustains our view. Davison, Executor, v. Commissioner, 20 B. T. A. 856, affirmed by Circuit Court of Appeals without an opinion, 54 F.(2d) 1077; Hall et al. v. Commissioner, 25 B. T. A. 1; Goldman et al. v. Commissioner, 15 B. T. A. 1341; De Roy et al. v. Commissioner, 19 B. T. A. 452; Bankers' Trust Co. v. Bowers (C. C. A.) 295 F. 89, 31 A. L. R. 922. The cases cited, taken from defendant's brief, disclose no ruling sustaining plaintiffs' contention herein, and the differentiation sought to be established in plaintiffs' argument falls short, we think, of sustaining a contention that the revenue acts do not tax as income a partner's share of the firm profits, whether the same are distributed or not. It must be admitted that, in the absence of the stipulation in the partnership agreement involved herein, the authorities are in harmony, and, while there is a diversity of opinion in the cases cited as to the effect of an agreement between the partners as to a nondissolution of the partnership in the event of the death of one partner, we think the cases have turned upon the issue of liabilities attached to such an agreement, and not upon a partner's tax liability under the revenue acts.

Of course, if the decedent had received the profits of the partnership to which he was entitled prior to his death, this sum would have formed part of the corpus of his estate (Myers, Executor, v. United States (Ct. Cl.) 51 F.(2d) 145), but this does not prevent such profits from being subject to income tax prior to his death. Up to the date of his death, profits had accrued to the deceased partner, and, while the amount ultimately due as profits was not ascertainable until the return of the partnership was due, no difficulty obtained as to their computation when the said return was filed, and, under the revenue laws, they are clearly income.

The petition is dismissed. It is so ordered.