## UNITED STATES v. WOOD et al.
### No. 16746.

District Court, E. D. Pennsylvania.

June 15, 1934.

Thomas J. Curtin, Asst. U. S. Atty., and C. D. McAvoy, U. S. Atty., both of Philadelphia, Pa.

Robert T. McCracken, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

This rule should be discharged.

### Discussion.

The question in this cause is whether the sum claimed is due for income tax. The state of English politics following the Revolution of 1688 made current a phrase of gibberish which ran "Box it about; it will come to its father." The question here has been "boxed about." The tax in dispute was levied; paid, its return demanded; the return made, and this suit for its repayment entered. Whether the sum in dispute is lawfully due is a question of law; the facts being undisputed. Binding instructions were asked in favor of the plaintiff, and were also asked in favor of the defendant. The latter request was granted. If there was error in this, there must be a new trial, but the only result would be like binding instructions for plaintiff. An appeal is sure to be taken from any judgment entered. The practical bearing of this is that all we determine is which side shall assume the burden of appeal. This in turn means that a new trial should not be granted unless the law is clearly with the plaintiff.

We adhere to the view taken at the trial, and would do no more than discharge the rule for a new trial were it not that the contrary

view is earnestly pressed upon us by strongly urged arguments, and that the reasons for the ruling made do not appear of record.

### The Fact Situation.

Defendant's decedent was a member of a partnership. Had he lived, it may be assumed that a sum representing his share of partnership profits would have been allotted to him at the first of the year following the date of his death. At the time of his death, such allotment had not been made, although in the offing. The regular time for the closing of the books was the end of the year. The decedent died February 17, 1926. When the books were closed in December, 1926, it became known that decedent's share of the profits from the last profit-sharing date to the date of his death was the sum for which suit is brought. This sum was included in the value of his estate as principal, and death taxes paid thereon. The United States now claims it was income and taxable also as such.

### Conclusion.

The very practical fact that the United States treated the sum in controversy as principal and taxed it as such, and is now seeking to tax it again as income, gives the zealous counsel for plaintiff no concern, because they say the two taxes "are of different kinds, separately imposed on entirely different events." We think this to be in a measure true. Had the decedent received this money as income and had he died immediately thereafter, leaving it as part of his decedent's estate, the fact that it was part of the estate of which he had died possessed would not affect the other fact that it had come to him as taxable income. If the situation is reversed, the fact that the whole estate of a decedent consists of his savings out of income upon which he had paid an income tax would be no answer to a demand for the payment of an estate tax. Thus far we can follow the argument on behalf of the plaintiff. We are not so sure of our ability to follow the rest of the argument to the conclusion that the sum in dispute was taxable income, nor can we accept the soundness of its logic. This, as we understand it, as taken from their printed brief is as follows:

(1) Under the provisions of the Pennsylvania Uniform Partnership Act of March 26, 1915 (59 PS Pa. § 1 et seq.), the death of the partner ended the partnership, and it had no existence thereafter. The provision in the partnership agreement that the death of a partner should not work a dissolution of the partnership did not affect this result.

The executor of the deceased partner might thereby become a member of a partnership, but it would be a new firm, not a survival of the old.

We may comment in passing that this would seem to cut against the plaintiff not in its favor. Treating the decedent and his estate as distinct entities, the thought can be followed that the share of profits paid by the firm to the estate was income to the estate from its investment in the partnership, but it surely does not follow that profits paid by the new partnership, of which the decedent was not a member, was income received by the decedent. We could understand the proposition, whether it be sound or unsound, that under the partnership agreement the firm was not dissolved, and that the partnership profits, when paid at the end of the year, was income received by the estate. This proposition, however, the argument repudiates. The effect of an acceptance of the plaintiff's proposition that the partnership was dissolved we will recur to later.

(2) A partnership is treated by the Revenue Act of 1926 (section 218 [26 USCA § 959]), not as a separate entity (contrary to the common concept), but as individual members, each of whom is "the agent of the other partners." The partnership in consequence does not receive any profits, but they are received by the individual members, and in further consequence, when they come to the partnership, they come to the individual members according to their respective shares therein.

If this concept be the true one, we can accept the corrollary that, the profits having been received by the partners as individuals, the fact that they did not divide up until later does not change the fact, if it be one, that they had received income.

(3) It makes no difference, however, whether the firm was dissolved or whether it was not dissolved. The decedent and the estate are distinct taxable entities.

By this we understand to be meant that, treating the partnership and the individual members as distinct entities, the partnership had a continued unchanged existence; the only change being in the membership much as the existence of a corporation is unaffected by changes in its stockholders.

The thought can be followed, for whatever it is worth, that a stockholder in a corporation, for illustration, might assign his stock, reserving to himself a proportionate share of the next dividend, measured by the portion of the year which had elapsed since

the last dividend. When his share of the next dividend was received, it would be income, and would belong to the assignor of the stock as soon as it came to the hands of the new stockholder who would receive it to his use. It would not follow, however, that it would be taxable as income received as of the date he assigned his stock.

■ The fallacy which underlies the whole argument is that the nature of what a thing is can be changed by changing the name by which you choose to call it; in other words, anything can be made income by the simple expedient of calling it by that name. The underlying inquiry is, What is an interest in a partnership? It is nothing more nor less than the right to call upon the copartners for an accounting. The sole right of the representative of a deceased partner is to call upon the surviving partners to account for the assets of the partnership in their hands. There might have been gains or losses, and almost surely both gains and losses, with a net result one way or the other. A balance could be struck in favor of or against the deceased partner. If in his favor, it might be made up of the accumulations of undistributed profits for many years. It might develop that the profits of the last year's business made up the whole balance; the business up the last year showing in the red. In the settlement of the decedent's estate, his interest in the partnership would be inventoried at its appraised value. His executor would be chargeable with what he received for it. The question is whether the decedent's estate would in either of the events we have instanced be chargeable with an income tax on the sum eventually received from the partnership as income received by him. That it was part of his estate, and taxable as such, could readily be found, but that what the value of his partnership interest turned out to be was income which the decedent had received and upon which he owed an income tax is a thought difficult to grasp. The argument advanced to support the thought is that it is income, because the taxing act of 1926 calls it income and taxes it as such. We cannot find this in the act, and it emphatically is not in the regulations. They express the contrary thought. Furthermore, a law which imposes a tax on income imposes no tax on what is not income, and the interest of a deceased partner in a firm, while it is part of his estate, is not taxable income within the meaning of the income tax laws, nor is any part of it.

■ The argument that it is taxable income would seem to be based upon the concept that the profits accruing to the partnership are received by the partners per diem et die as they accrue, and ergo his share is received by each partner much as if paid over to his agent for his use.

We accept the proposition that profits, if paid to an authorized agent, are received by the principal as if paid to him, but we must reject the concept upon which the application of the proposition is based. A partnership is an entity. It may have received gains, but those gains (or his proportionate share of them) do not become income to the individual partner until set apart to, and received by, him. Before that they are income to the partnership but not income to the individual partners. If the partnership is dissolved by the death of a partner, the sole right of the estate of the deceased partner, as we have already said, is to require the surviving partners to account for the share of the decedent in the partnership assets. That share is part of his estate, but is assuredly not income.

It only remains to check up the conclusions indicated by reference to the adjudged cases upon which plaintiff relies. First Trust Co. of Omaha v. United States (Ct. Cl.) 1 F. Supp. 900.

This case was ruled upon the doctrine that a partner's share in partnership profits is taxable income whether actually received or not. Profits had been made by the partnership for the year of the death. Decedent's interest in the partnership was bequeathed to a son. The bequest did not include the decedent's share of the profits. These were subsequently apportioned to the date of decedent's death and paid to the estate. The question was whether these profits should have been included in the income tax return of the decedent for the year of his death. It was held that they should.

The case is near the line of the instant case, but is clearly to be distinguished. The analogue is that of a partner who assigns his interest in the partnership, reserving his share to date of earned profits. What he gets may be said to be income because he has a right to it only as income. Such is not the instant case.

In Darcy v. Commissioner (C. C. A.) 66 F.(2d) 581, the like distinction can be made. There the yearly income of the partner was measured by the partnership profits for the whole of the year of the death. It was given

to him as profits and was received as profits, and hence might be said to be income. The distinction made is admittedly tenuous, but is a real one.

Accepting the doctrine that a partner's share of partnership profits is taxable income whether distributed or not, the share of profits may be said to be income because it is income. When, however, a partner's share in a dissolved partnership is ascertained by the difference between what is realized from its assets and the sum of its debts, how can such a balance be held to be income?

The whole argument may be summed up in this very narrow distinction. If a sum of money comes to a decedent's estate from a partnership of which the decedent was a member as money to which the decedent in his lifetime had a right as income, it is income upon which a tax may be assessed against the decedent's estate precisely as it might have been assessed against him had he lived. If, however, the sum received represents the share of the decedent in the assets of the partnership, it is principal, and no part of it is made income to the decedent by the mere fact that included in the assets were moneys which came to the firm as profits. To express this thought in the concrete, if the partnership had made profits his share in which was demandable by a partner, such sum would be income to the individual partner, but, if the firm was dissolved, then the share of each partner in the net assets would not be income to him, notwithstanding the fact that the assets included what were profits to the firm.

The rule for a new trial is discharged, and the usual judgment may be entered on the verdict.