PEOPLE'S–PITTSBURGH TRUST CO. v.
UNITED STATES.
No. 41938.

Court of Claims.
March 4, 1935.

\* \* \*

Alexander C. Tener, of Pittsburgh, Pa. (Thomas N. Griggs, of Pittsburgh, Pa., on the brief), for plaintiff.

John W. Hussey, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

This suit involves the question whether the defendant was correct in computing the income tax of the decedent, from a business with which he was connected, from

the beginning of his taxable year 1929 to the date of his death within that year when there was a provision in an agreement with others, under which the business was carried on, that such business should continue for a time in the event the decedent should withdraw therefrom or should die.

We think it is not important in this case whether the business known as A. E. Masten & Co. was a partnership or the private business of William S. Masten, for, in either event, we think the income of William S. Masten was properly computed and the tax thereon correctly exacted. Plaintiff bases its case upon paragraph tenth of the agreement of March 1, 1928, between William S. Masten, Fred C. Masten, William J. Fleming, and Louis F. Brand, set forth in finding 2, which provision was that, should William S. Masten die or desire to withdraw from the business, then Fred C. Masten should have the first option and privilege of purchasing, either from the personal representative of William S. Masten or from the said Masten, all the capital assets belonging to Masten at the then value thereof, provided Fred C. Masten exercised such option and paid the purchase price therefor within 90 days either from the date of death of William S. Masten or from the tender of the same by him to Fred C. Masten, and provided further that, after the happening of either event and for the period of 90 days, William S. Masten or his personal representative should continue the business of the firm of A. E. Masten & Co., preserve the assets and good will, and protect the same until the option therein given to Fred C. Masten should be exercised by him or should expire. Agreements of this character are not uncommon, and while, as the Supreme Court of Pennsylvania has held in a number of cases, such provision may affect the rights of the surviving persons interested in the business, or the estate or personal representatives of the decedent, to terminate the business or demand an accounting and settlement prior to the expiration of the period specified, such agreements have no controlling effect in the matter of determining the amount of income of the decedent for the period prior to his death and the income tax payable thereon. When a man dies, his entire taxable year for the purposes of the Federal Taxing Act is the period from the beginning of his taxable year to the date of his death, whether or not that period consists of twelve calendar months, and for the purpose of taxation no income accruing after that date can be added to his income and no losses or deductions arising subsequent to the date of death can reduce it.

Upon the date of death a new taxable entity consisting of the estate of the decedent comes into being and that taxable entity is the taxpayer with reference to subsequently earned income from the business or property, and is the person entitled to the deductions for losses and expenses occurring subsequent to the death of the first taxpayer. It is not important whether the estate continues in business alone or in association or co-operation with others, or whether the business with which the decedent was connected is continued by the surviving persons interested therein. Where two or more persons are connected with the business and one dies, such event may not affect the taxable periods or the income from the business of the survivors, but this can have no effect upon the amount of income received by and taxable to the deceased member for the period to the date of his death or the deductions to be taken from such income for the purpose of computing the tax payable upon the deceased member's income during his lifetime. This conclusion is consistent with the decisions concerning the matter of taxation which have been rendered upon the subject. First Trust Co. of Omaha v. United States, 1 F. Supp. 900, 76 Ct. Cl. 481; Darcy et al. v. Commissioner (C. C. A.) 66 F.(2d) 581; Goldman et al. v. Commissioner, 15 B. T. A. 1341; and Hall et al. v. Commissioner, 25 B. T. A. 1.

Upon the question whether the income, upon which the tax in question was exacted, was properly determined, it does not appear that the net profit of $94,210.71, upon which the defendant collected a tax, was not the correct amount of income of the decedent for the period January 1 to October 11, 1929, nor does it appear that the defendant failed to allow any proper deductions for this period. In such circumstances, there is no basis for the proration of the income of the business for the entire calendar year 1929 to the period January 1 to October 11, 1929. Such a method of proration is justifiable only where the net taxable income of the decedent cannot otherwise be correctly determined.

The petition must be dismissed, and it is so ordered.