Nathan HAUPTMAN, Trustee, Petitioner-Appellant,

v.

DIRECTOR OF INTERNAL REVENUE, Raymond Zurawin, and Rose Zurawin, Respondents-Appellees.

No. 167, Docket 27127.

United States Court of Appeals Second Circuit.

Argued Jan. 5, 1962.

Decided Sept. 18, 1962.

Louis P. Rosenberg, Brooklyn, N. Y. (Hauptman & Hauptman, Brooklyn, N. Y., of counsel, S. A. Hauptman, Brooklyn, N. Y., on the brief), for petitioner-appellant.

Joseph P. Hoey, U. S. Atty., E. D. N. Y. (Jon H. Hammer, Asst. U. S. Atty., of counsel), for respondent-appellee Director of Internal Revenue.

Samuel P. Adelman, New York City, for appellee Raymond Zurawin.

Leonard M. Henkin, New York City, for appellee Rose Zurawin.

Before WATERMAN, KAUFMAN and MARSHALL, Circuit Judges.

WATERMAN, Circuit Judge.

Novo-Plas Mfg. Co., a New York corporation from 1946 through 1957, filed its corporate income tax returns on a calendar year basis. In 1955 and 1956 its returns disclosed taxable income in the approximate sum of $29,000, upon which it duly remitted taxes to the District Director of Internal Revenue. In 1957 the corporation suffered a net operating loss of $10,424.93. On May 6, 1958, one Raymond Zurawin became the sole shareholder of Novo-Plas Mfg. Co., Inc. The corporation allegedly incurred a net operating loss of $184,535.70 during 1958, and apparently did not pay all of its employment, social security, and withholding taxes.

On September 2, 1958, the Internal Revenue Code was amended to create Subchapter S, Sections 1371–1377, 26 U.S.C.A. §§ 1371–1377; and any corporation that could qualify as a small business corporation under that subchapter was granted 90 days within which to elect to receive the tax treatment permissible under these amendments. Novo-Plas Mfg. Co., Inc., having but one stockholder, was eligible, and on November 29, 1958, elected to receive small business tax treatment under Subchapter S.

On January 23, 1959, Novo-Plas assigned its assets for the benefit of creditors, by an assignment duly filed under the New York State law. On February 16, 1959, an involuntary petition in bankruptcy was filed against the corporation, and on March 23, 1959, it was adjudged a bankrupt.

The petitioner-appellant herein is the trustee in bankruptcy. The District Director of Internal Revenue has filed a claim in the bankruptcy proceeding for $7,155.61, alleged to be employment, social security, and withholding taxes unpaid and due for the years 1958 and 1959. On September 2, 1959, the trustee, by two separate refund claims filed with the Director, made claim for tax loss carry-back refund based on the bankrupt's above mentioned operating losses for 1957 and 1958. If the refund applications had been granted, this sum would offset the amount claimed by the Director against the corporation.

In the same year Raymond Zurawin and wife filed a claim for a refund of income taxes that they had paid, and asserted that the net operating loss of the corporation for the year 1958 was allowable to them personally rather than to the corporation because of the election the corporation made on November 29, 1958, under Section 1372(a) of the Internal Revenue Code. The trustee then moved the referee in bankruptcy for an order recognizing only the trustee, to the exclusion of the Zurawins, as the one entitled to utilize the bankrupt corporation's operating loss for the calendar years 1957 and 1958 as a basis for a tax refund of income taxes paid for the years 1955 and 1956, and to restrain the Zurawins from utilizing the operating losses as a basis for personal tax loss carry-back.

At the referee's hearing the Director of Internal Revenue and the Zurawins both conceded that with respect to the net operating loss incurred by the bankrupt corporation in the calendar year 1957 only the trustee could utilize that operating loss as the basis for a tax credit and carry-back as against income taxes paid by the bankrupt for the calendar, taxable, years 1955 and 1956; but the referee found, in accordance with the provisions of Subchapter S of the Inter-

nal Revenue Code of 1954, that inasmuch as the corporation had timely elected to be treated taxwise as a small business corporation for the year 1958, the 1958 net operating loss of the bankrupt corporation could be utilized only by the shareholder, Zurawin. The trustee petitioned the United States District Court for the Eastern District of New York to review the referee's order. The court affirmed the referee in a memorandum opinion, and from the order of the court the trustee appeals.

The only issue before us is whether the trustee of the bankrupt corporation or the individual shareholder is entitled to the right to utilize the bankrupt corporation's 1958 operating loss as a basis for tax deductions by carrying back the net operating loss for that year and applying it against taxes paid for the years 1955 and 1956.

Section 1374 of the Internal Revenue Code, a part of Subchapter S, allows the shareholders of a corporation qualifying under that subchapter to deduct on personal income tax returns for the net operating loss incurred by the corporation.[1] A related section, Section 172(h) of the Code, precludes the corporation from taking a net operating loss deduction when such deduction is taken by the shareholders of the corporation and used by them to reduce their respective personal income tax liabilities.

Reminding us that a court sitting in bankruptcy is a court of equity and relying heavily on Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939), the bankruptcy trustee in the present case asserts that it would be inequitable to permit the bankrupt's sole shareholder, instead of the bankrupt's creditors, to take advantage of the large tax deduction which is at issue here. In the Pepper case the Supreme Court held that a claim for unpaid salary filed by the sole shareholder of the bankrupt corporation there involved should be disallowed inasmuch as the claim was an unconscionable attempt to swallow up all of the corporate assets and thus avoid liability for a debt the corporation owed to a general creditor.

We are aware of the equitable nature of bankruptcy proceedings. See e. g., Pepper v. Litton, supra, at 304, 60 S.Ct. at 244, 84 L.Ed. 281; Local Loan Co. v. Hunt, 292 U.S. 234, 240, 54 S.Ct. 695, 697, 78 L.Ed. 1230 (1934). However, permitting the shareholder to avail himself of the net operating loss incurred by the bankrupt corporation here would not appear to be so unfair that equity requires us to determine this appeal in the trustee's favor. The trustee would have us hold that an otherwise qualifying corporation may not elect Subchapter S tax treatment when the corporation is insolvent or when corporate bankruptcy is imminent. The language of the Code does not refer to such a limitation upon the shareholders' power to elect Subchapter S treatment. The so-called equitable considerations urged upon us by the trustee are substantially weakened by the fact that the present litigation is as much a squabble between two sets of creditors—the Government, a preferred creditor, on the one hand, and the remaining creditors on the other—as it is a dispute between the sole shareholder of the bankrupt corporation and the bankrupt's creditors.

---

1. Section 1374 provides in pertinent part:

"(a) General rule.—A net operating loss of an electing small business corporation for any taxable year shall be allowed as a deduction from gross income of the shareholders of such corporation in the manner and to the extent set forth in this section.

\*　　\*　　\*　　\*　　\*

"(c) \* \* \*

"(2) Limitation.—A shareholder's protion of the net operating loss of an electing small business corporation for any taxable year shall not exceed the sum of—

"(A) the adjusted basis \* \* \* of the shareholder's stock in the electing small business corporation \* \* \* and

"(B) the adjusted basis \* \* \* of any indebtedness of the corporation to the shareholder \* \* \*."

The trustee contends that it is unjust to allow the shareholder of a one-man corporation to elect under Subchapter S and thereby personally receive the use of the deduction for the corporation's net operating loss at a time when liquidation of the corporation is foreseeable. In Section 1374, however, Congress invited shareholders of small business corporations to avail themselves of the tax advantage derived from using their corporation's net operating losses as deductions on their personal income tax returns. It is common knowledge that corporate operating losses often lead to corporate liquidation. Therefore, the likelihood that an otherwise qualifying corporation may be liquidated is not a factor that should be considered in order to justify a judicial restriction upon the right to elect the tax treatment Congress granted by Subchapter S. See Patty, Qualification and Disqualification Under Subchapter S, N.Y.U. 18th Inst. on Fed. Tax 661, 665 (1960).

Further valuable evidence of the statutory policy allowing an election even though liquidation is foreseeable is the Commissioner's refusal to make a pertinent proposed regulation a part of his final regulations. Proposed Treas. Reg. § 1.1372–1(a) (2) provided in part:

> "[A] corporation is not eligible to make an election under Sec. 1372 (a) if it is in the process of complete or partial liquidation, if it has adopted a plan of such liquidation, or if it contemplates such liquidation or the adoption of a plan of such liquidation in the near future."

By not adopting this regulation the Commissioner would appear to have indicated his own belief that the policy behind Subchapter S permitted small business corporations to elect the benefits of the statute even though corporation liquidation was contemplated. Treas. Dec. 6432, 1960 Int.Rev.Bull. No. 1 at 317.

The trustee has a further argument in support of his position that it is unfair to the corporate creditors to permit the sole shareholder to use on his personal income tax return the corporation's net operating loss deduction. The trustee informs us that because of the limitation in I.R.C. § 1374(c) (2) on the extent to which a shareholder may avail himself of his corporation's net operating loss, see note 1, supra, a large part of the net operating loss deduction here at issue will likely go unused, and an undeserved benefit will thereby be bestowed upon the Government. This contention is summarily answered by pointing out that tax benefits offered by the Code frequently turn out to be unavailable to taxpayers because of rather rigid statutory limitations Congress placed upon the right to receive those benefits.

The trustee has failed to show us a convincing reason why Section 1374 should not be interpreted in accordance with its obvious meaning.

Judgment affirmed.