**Mrs. Eva BORIN, Executrix of the Estate of Aaron Borin, Deceased, and Mrs. Eva Borin, Individually, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 20128.

United States Court of Appeals
Fifth Circuit.

Sept. 24, 1963.

Sylvan Tobolowsky, Dallas, Tex., for appellant.

Michael I. Smith, John B. Jones, Jr., Lee A. Jackson, Melva M. Graney, Atty., Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., Washington, D. C., H. Barefoot Sanders, U. S. Atty., Dallas, Tex., for appellee.

Before CAMERON and BROWN, Circuit Judges, and WHITEHURST, District Judge.

CAMERON, Circuit Judge.

The taxpayer's appeal turns on whether an election to be taxed as a corporation was timely and properly made. No facts are in dispute and, on cross motions for summary judgment, the government's motion was granted dismissing the taxpayer's claim for refund.

Aaron Borin, prior to his death on September 12, 1955, operated his meat packing business as a non-incorporated business under the name Borin Packing Company. The assets of the business were the community property of Aaron and his wife Eva. By will, Aaron left his half of the property to be equally divided between Eva and their three children. As "independent executrix," she had "complete and absolute control and management of [the] business * * *." The assets of the business were sold on November 19, 1955, to an outside party. On January 18, 1956, an election was filed by Mrs. Borin as "Executrix of the Estate of Aaron Borin, Deceased," to report the 1955 income of Borin Packing Company as a domestic corporation. We find that the election was timely filed, and reverse the judgment entered by the trial court.

Under 26 U.S.C.A. § 1361(a),[1] an election must be made within 60 days after the close of the taxable year of the proprietorship or partnership. It is apparent that the election was timely if the period began to run with the sale of the assets of the business; was not timely if it began to run at the time of Mr. Borin's death. The question, therefore, boils down to: when did the "taxable year" end?

Appellant argues that, by the making of the election, § 1361(c)[2] becomes applicable. In that event the enterprise is thus considered a corporation and the election was timely.

The government contends that a sole proprietorship has no existence or "taxable year" independent of the proprietor and, thus, the "taxable year" ended with Borin's death. It argues, further, that even if the election were timely made, no business was then in existence and the election was of no effect.

---

[1] "Sec. 1361. Unincorporated business enterprises electing to be taxed as domestic corporations

"(a) General rule.—Subject to the qualifications in subsection (b), an election may be made, in accordance with regulations prescribed by the Secretary or his delegate, not later than 60 days after the close of any taxable year of a proprietorship or partnership owning an unincorporated business enterprise, by the proprietor or all the partners, owning an interest in such enterprise at any time on or after the first day of the first taxable year to which the election applies or of the year described in subsection (f), to be subject to the taxes described in subsection (h) as a domestic corporation for such year and subsequent years."

[2] "(c) Corporate provisions applicable.— Under regulations prescribed by the Secretary or his delegate, an unincorporated business enterprise as to which an election has been made under subsection (a), shall, except as provided in subsection (m), be considered a corporation for purposes of this subtitle, except chapter 2 thereof, with respect to operation, distributions, sale of an interest, and any other purpose; and each owner of an interest in such enterprise shall be considered a shareholder thereof in proportion to his interest."

This case presents a problem not unlike that posed by the question, "which came first, the chicken or the egg?" The statutes in question are the result of an effort by Congress to minimize the effect of tax consequences on the taxpayer's choice of the form in which to operate small business enterprises. Under given conditions, a corporation may elect to be taxed as a proprietorship,[3] and vice versa.[4] In solving the problem arising here from the two postulates: i. e., the election was timely if the "taxable year" continued until November 19th; and the "taxable year" continued until November 19th if the election was timely, we must recognize that Congress intended to give the taxpayer the benefit of hindsight in making a choice. The treatment available does not involve an "exemption" to be strictly construed. The clear intent of Congress, in giving the choice to the small businesses which qualify, would be frustrated if the position were taken, as the government suggests all through its argument, that the taxpayer should not be given the benefit of hindsight. The liberal treatment intended is illustrated by a Revenue Ruling allowing partnerships which elect to be taxed as corporations to deduct the costs of meals and lodgings furnished to a partner-employee.[5]

In holding that the "taxable year" ended with Mr. Borin's death, the court below relied on People's-Pittsburgh Trust Co. v. United States, 1935, 10 F. Supp. 139, 80 Ct.Cl. 716, for the proposition that the taxable year of a partnership ended with the death of the partner, as to him. Even if the principle announced in People's-Pittsburgh were still the law,[6] it would not be dispositive here. For, as we have said, the election allowed the taxpayer to treat the business as a corporation, and the sale of the business thus ended the taxable year.

The government's contention that Subchapter R treatment is not to be allowed in the year in which the proprietor or partner dies is not convincing. In an analogous case,[7] the Second Circuit held that Subchapter S treatment can be elected by a corporation about to be liquidated. We agree, and see no reason why Subchapter R treatment may not be allowed a proprietorship or partnership in the year of the proprietor's or partner's death.

The government's contention that "no business enterprise was owned by Mr. Borin at the time the election was made," is a *non sequitur*. The statute does not require that the business be "owned" on the date the election is made, only that it be owned "*on or after* the first day of the * * * taxable year * * * and *on or before* the date of election." 26 U.S.C.A. § 1361(b). [Emphasis added.] These conditions were met, as were the other requisite conditions. This fact, the government does not challenge. If it should be required that the election be made at the time the business is sold, the sixty-day period given by the statute in which to make the decision would be lost in liquidation situations.

3. 26 U.S.C.A. § 1371 et seq., "Subchapter S".

4. 26 U.S.C.A. § 1361 et seq., "Subchapter R." See footnote 1.

5. Rev. Rul. 63–32:
   "A partnership, which has elected under section 1361 of the Internal Revenue Code of 1954 to be taxed as a domestic corporation, may deduct the costs of meals and lodging furnished to a partner-employee on its business premises, and the partner-employee may exclude the value of such meals and lodging from his gross income, provided the electing partnership and the partner-employee meet all the tests set forth in sections 162 and 119 of the Code.
   "Revenue Ruling 80 C.B. 1953–1,62 distinguished."

6. It seems to be expressly superseded by 26 U.S.C.A. § 706(c) (1): " * * * the taxable year of a partnership shall not close as the result of a death of a partner * * * and § 706(c) (2) (A) (ii): * * * The taxable year of a partnership with respect to a partner who dies shall not close prior to the end of the partnership's taxable year. * * * "

7. Hauptman v. Director of Internal Revenue, 1962, 309 F.2d 62.

688

688

We have examined the other objections made by the government and do not find them convincing. For example, the objection that the election notice was not signed by all parties owning an interest in the enterprise, is answered by the fact that Mrs. Borin signed as "Independent Executrix" and Mr. Borin's will vested her with the authority so to deal with the business.

The government argues in the alternative that, if the election is found to be valid and timely, and corporate treatment to be available, certain other tax liabilitis are thus created which the government is entitled to set off against the refund otherwise due. We express no opinion on this contention and leave it for an initial determination by the court below on remand.

The judgment of the District Court is reversed and the case remanded with directions that a judgment be entered for the taxpayer after a determination of tax liabilities, if any, created by the corporate treatment.

Reversed and remanded.