**ESTATE of David WEIN, Deceased, and Estate of Edith Wein, Deceased, Sidney Wein, Executor, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 14638.

United States Court of Appeals Third Circuit.

Argued March 19, 1964.

Decided April 14, 1964.

Meyer Sugarman, Passaic, N. J., for petitioner.

Norman H. Wolfe, Dept. of Justice, Washington, D. C., for respondent (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Attys., Dept. of Justice, Washington, D. C., on the brief).

Before McLAUGHLIN, GANEY and SMITH, Circuit Judges.

PER CURIAM.

Petitioner's decedent as sole proprietor conducted a business known as David Wein Textiles. On February 25, 1955, he elected under Section 1361, Internal Revenue Code of 1954, to have that business taxed as a domestic corporation. Corporate income tax returns were filed under the name of David Wein Textiles for the taxable year 1954 and for the taxable period, January 1, 1955 to March 31, 1955. On April 1, 1955, David Wein Textiles ceased doing business in unincorporated form and its assets and liabilities were transferred to David Wein, Inc., a New Jersey corporation. The business was thereafter conducted in actual corporate form and substance. A corporate tax return was filed by the corporation for the fiscal year beginning April 1, 1955 and ending March 31, 1956.

We agree with the sound opinion of Judge Forrester in the Tax Court that the election of the taxpayer to be taxed as a pseudo corporation terminated with the actual incorporation of his business, effected a distribution in complete liquidation of the 1361 corporation and resulted in long term capital gain to David Wein under Section 1361($l$).

The decision of the Tax Court will be affirmed.