UNITED STATES of America,
Appellant,

v.

WILCOX COUNTY BOARD OF EDUCA-
TION et al., Appellees.

No. 23982.

United States Court of Appeals
Fifth Circuit.

Aug. 30, 1966.

David L. Norman, Atty., Dept. of Justice, Washington, D. C., for appellant.

Gordon Madison, Asst. Atty. Gen., Montgomery, Ala., Peter A. Hall, Birmingham, Ala., W. McLean Pitts, Selma, Ala., for appellees.

Before BROWN, GEWIN and THORNBERRY, Circuit Judges.

PER CURIAM:

In this cause the appellant has moved for an injunction pending appeal from an order of the United States District Court for the Southern District of Alabama wherein the District Court refused to direct the appellees to adopt and put into effect for the 1966 fall term a plan whereby students could transfer from one school to another. The District Court found that the appellees are operating a segregated school system and that no Negro student has ever attended a white school in Wilcox County, and the Court noted the fact that 12 years have passed since the decision in Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954). It was the feeling of the District Court that there was not sufficient time adequately to accomplish such transfer from one school to another in all grades of the school system.

While it may be true that some inconvenience will be experienced, in view of the long delay since the decision in the *Brown* case, we do not feel that all relief should be denied.

In accordance with procedure followed in other cases, Stell v. Savannah-Chatham County Board of Education, 5 Cir., 318 F.2d 425; Armstrong v. Board of Education, 5 Cir., 323 F.2d 333, it is ordered that the District Court for the Southern District of Alabama enter the following judgment and order:

"IT IS ORDERED, ADJUDGED and DECREED that the defendants and their agents, servants, employees

and successors in office and those in active concert with them who shall receive notice of this order, be and they hereby are restrained and enjoined during the pendency of this case before the United States Court of Appeals for the Fifth Circuit from requiring segregation of the races in any school system under their supervision in violation of the terms and provisions of this judgment and order.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that said persons be and they hereby are required to adopt and put into effect for the 1966 fall term of school in Wilcox County, Alabama, a free-choice plan for the first, second, third, seventh, eighth and ninth grades in which all students in the affected grades will be afforded a reasonable time up to and including September 12, 1966, in which to exercise a free and unrestrained choice of schools they wish to attend.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that on or before September 6, 1966, the defendants shall make available to all students who enroll in the above designated grades of the Wilcox County public schools for the 1966 fall term appropriate forms upon which each student shall be allowed and provided the opportunity to exercise a free choice of the school he wishes to attend for the 1966–1967 school year, which choice shall be without regard to race or color. No student shall be required or compelled to seek a transfer from one school to another, and no choice shall be denied except for good and sufficient reasons related to the administration of the school system such as over-subscription beyond the physical capacity of a given school, in which case preference shall be given to students whose residences are nearest to the school involved.

"In all other respects the order of this Court entered on August 23, 1966, shall remain in full force and effect and shall be strictly complied with."

In view of the unusually long delay involved, it is ordered that the mandate shall issue forthwith. The foregoing order shall remain in effect until final determination of the appeal in the Court of Appeals for the Fifth Circuit and until further order of this Court, during which time the District Court is directed to enter such other and further orders as may be appropriate or necessary in carrying out the expressed terms of the foregoing order.

In view of the shortness of time involved in this case, this order will be forwarded to the Clerk of the United States District Court for the Southern District of Alabama and to the counsel for the parties.

Motion granted.