**Joseph C. and Alice M. HIGGINS,
Plaintiffs,**

v.

**UNITED STATES of America,
Defendant.**

Civ. A. No. 67–154–C.

United States District Court
D. Massachusetts.

March 12, 1968.

Walter H. McLaughlin, The McLaughlin Brothers, Boston, Mass., for plaintiff.

Paul F. Markham, U. S. Atty., Joseph A. Lena, Asst. U. S. Atty., Gerald G. Fain, Trial Attorney, Dept. of Justice, Wash., D. C., for defendant.

OPINION

CAFFREY, District Judge.

This is a civil action in which plaintiffs seek to obtain a refund of federal income taxes in the amount of $17,400.37. The case was submitted for decision by this Court upon the following stipulation of uncontested facts:

1.  Plaintiffs are husband and wife and reside within the District of Massachusetts, having had such status and residence during all times pertinent hereto.

2.  Plaintiffs jointly filed their individual income tax return for the calendar year 1960 within the time provided by law and timely paid those taxes indicated thereon to be due and payable to defendant.

3.  Upon examination of said return, agents of defendant determined a deficiency in taxes for the year 1960 and on November 29, 1963 a deficiency in tax of $18,385.50 was assessed against plaintiffs.

4.  On December 10, 1963, plaintiffs paid said deficiency in tax together with interest thereon in the amount of $2892.06, representing a total payment of $21,277.56.

5.  On November 23, 1965, plaintiffs timely filed a claim for refund (Form 843) with said District Director.

6.  Said claim for refund was denied by defendant by certified letter dated January 3, 1967.

    (Copies of the tax return, the claim for refund, and the letter denying refund are appended, as Exhibits A, B and C, to the stipulation.)

7.  On January 1, 1958, plaintiffs owned a sole proprietorship known as the J. C. Higgins Company.

8. Plaintiffs filed application with the District Director of Internal Revenue, Boston, Massachusetts, to cause said Company to be taxed as a domestic corporation pursuant to Section 1361 of the Internal Revenue Code of 1954.

9. By letter dated March 9, 1959, said District Director notified plaintiffs that permission was granted for said J. C. Higgins Company to file Form 1120 and be taxed as a corporation under the provisions of Section 1361 for the taxable year beginning January 1, 1958 and ending December 31, 1958.

10. On January 1, 1960, plaintiffs terminated the status of their business as a psuedo-corporation and transferred the assets of the J. C. Higgins Company to a real corporation known as J. C. Higgins Co., Inc.

Counsel for the government and for the taxpayers concede that the narrow legal question to be resolved by this Court is whether to follow the opinion of the Court of Appeals for the Fifth Circuit in Estate of Willett v. Comm'r. of Internal Revenue, 365 F.2d 760 (5 Cir., 1966), or the *per curiam* opinion of the Court of Appeals for the Third Circuit in Wein's Estate v. Commissioner of Internal Revenue, 330 F.2d 957 (3 Cir. 1964), affirming the decision of the Tax Court reported at 40 T.C. 454 (1963). An examination of the opinion of the Tax Court, the brief *per curiam* opinion of the Third Circuit Court, and the scholarly opinion of Judge Wisdom speaking for the Fifth Circuit, leaves this Court with no doubt that Judge Wisdom has correctly said everything which can or ought to be said about this subject matter. More specifically, he has correctly analyzed the statutory background against which this controversy must be resolved and has likewise set out in full detail the relevant legislative history. Because I believe that Judge Wisdom's analysis is legally sound and that the result reached by the decision of the Court

of Appeals for the Fifth Circuit is completely in accord with the Congressional intent, namely helping, not hampering, the small businessman taxwise, and because I feel that no useful purpose is to be served by trying to add to, embellish, or otherwise improve upon Judge Wisdom's analytical opinion, it suffices for the resolution of the instant controversy that this Court will follow the decision of Judge Wisdom and the Fifth Circuit Court of Appeals in Estate of Willett, supra, rather than the per curiam affirmance by the Third Circuit Court of the Tax Court decision in Wein's Estate v. Commissioner of Internal Revenue, supra.

Judgment for the plaintiffs.