**William J. MATHIS and Margaret Mathis, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 17682.**

United States Court of Appeals, Seventh Circuit.

Aug. 6, 1970.

Johnnie M. Walters, Asst. Atty. Gen., Tax Division, Grant W. Wiprud, Lee A. Jackson, Harry Baum, Stuart A. Smith, Attys., Dept. of Justice, Washington, D. C., Thomas A. Foran, U. S. Atty., Chicago, Ill., for defendant-appellant.

William R. Engelhardt, Christian M. Lauritzen, II, Harold W. Norman, Ralph Miller, Chicago, Ill., for plaintiffs-appellees; Norman & Billick, Chicago, Ill., of counsel.

Before MAJOR, Senior Circuit Judge, KERNER, Circuit Judge, and ESCHBACH, District Judge.*

KERNER, Circuit Judge.

Plaintiffs-appellees filed an action for refund in the district court for taxes paid upon incorporation of a "Subchapter R Corporation" under Section 351 of the Internal Revenue Code of 1954. The district court granted judgment for the plaintiffs and the government appeals.

Taxpayer, William J. Mathis, owned and operated George E. Mathis & Son, a metal fabricating company, as a sole proprietorship from April 6, 1952, to September 30, 1954. On October 1, 1954, Mathis incorporated his company by transferring all the assets of his proprietorship to G. E. Mathis & Company, an Illinois corporation, except that the taxpayer retained $173,491.25 cash. On November 26, 1954, the proprietorship, now a corporation, elected to be taxed as a corporation under Section 1361 of the Internal Revenue Code of 1954, for the period January 1, to September 30, 1954. The Commissioner denied the election and the plaintiffs paid the difference in taxes and sought a refund in the district court. The court granted the refund.

■ The government claims that the election under Section 1361 of the Internal Revenue Code of 1954 was not timely filed because on November 26, 1954, when the election was filed, the company was a corporation and no longer a sole proprietorship. We disagree. A proprietorship may elect under Subchapter R only if "during the period on or after the first day of the first taxable year to which the election applies * * * and on or before the date of election * * *" it satisfies the qualifications of Section 1361(b). The statute does not require the sole proprietorship to be in existence at the time the election is filed, but only during the period for which the election applies. Section 1361(b) reads "on or before the date of the election" and not as the government says "on the date of the election." *Cf.* Borin v. United States, 322 F.2d 685, 687 (5th Cir. 1963). We conclude that while the business was already incorporated on the date of election, the election was timely filed within sixty days after the close of the period to which the election applies.

■ Assuming the election is valid, the government relies on T.Reg. 1.1361–5(b) which provides that if the owners of a business file a Section 1361 election and then

* * * cease conducting the business of the enterprise in an unincorporated form the election terminates and the assets of the enterprise are deemed to have been distributed to the owners in a complete liquidation of the section 1361 corporation. The effect of the liquidation on the owners shall be determined under the provisions of section 331, 334(a), and, in appropriate cases, 341. Therefore, if a substantial part of the business is transferred to an actual corporation, the transaction shall be treated as if immediately before the transfer all of the assets of the enterprise had been distributed to the owners in a complete liquidation. Accordingly, the transfer of the assets to the actual corporation shall be treated as a transfer made by the owners in their individual capacities immediately after the liquidation.

---

* The Honorable Jessee E. Eschbach is sitting by designation from the United States District Court for the Northern District of Indiana.

We adopt the reasoning of Judge Wisdom in Estate of Willett v. Commissioner of Internal Revenue, 365 F.2d 760 (5th Cir. 1966), who concluded in an excellent opinion that the transfer of assets from a Section 1361 corporation to a corporation was not a taxable transaction and that T.Reg. 1.1361–5(b) is invalid. Contra, Estate of Wein v. Commissioner, 40 T.C. 454, affirmed per curiam, 330 F.2d 957 (3d Cir. 1964). The court in *Willett* concluded that the purpose of Section 1361 was to enable small businesses which did not wish to adopt the corporate form to obtain the "benefits of corporate taxation." Therefore, when the business ceases to continue as a Section 1361 corporation, a corporate liquidation under Sections 331 and 334(a) does not occur because the business is not a corporation. Rather, a Subchapter R corporation is an unincorporated business being taxed at corporate rates.

Aside from attacking the opinion in *Willett*, the government attempts to distinguish it, but we are not persuaded.

The government contends that by not transferring all of the taxpayer's assets to the corporation under Section 351 of the Internal Revenue Code of 1954, the cash retained must be treated as a corporate distribution under Sections 316, 301 and T.Reg. 1.301–1(*l*) as made applicable by Section 1361(k) and (*l*).

T.Reg. 1.301–1(*l*) provides:

(*l*) *Transaction treated as distribution.* A distribution to shareholders with respect to their stock is within the terms of section 301 although it takes place at the same time as another transaction if the distribution is in substance a separate transaction whether or not connected in a formal sense. This is most likely to occur in the case of a recapitalization, a re-incorporation, or a merger of a corporation with a newly organized corporation having substantially no property.

\* \* \*

We agree with the court in *Willett* that a Subchapter R corporation is not a corporation but a proprietorship being taxed as a corporation and, therefore, there is no distribution in the form of a liquidation from a "Subchapter R corporation" prior to the forming of another corporation. United States v. Wileax County Board of Education, 5 Cir., 366 F.2d 769–760. Secondly, the district court found that the money retained was personal funds accumulated prior to January 1, 1954. Since the cash did not come from the earnings or profits of the Subchapter R corporation, it does not constitute a distribution under Section 316. We would agree with the government that a distribution from the earnings of a Subchapter R corporation prior to incorporation would be taxable under Sections 1361(k) and (*l*). Further, we do not think Congress intended to tax such retention as a partial liquidation since we agree with the court in *Willett* that Section 1361 does not make a Section 351 transfer taxable, and incorporation of a Section 1361 corporation does not constitute a liquidation under Section 1361(*l*).

■ The government also contends that while the incorporation under Section 351 is not a taxable event, the withholding of certain assets from a corporation constitutes "boot" under Section 351(b). We disagree. Only when a corporation gives its shareholders something other than stock is the transfer of assets taxable under Section 351(b). Here, taxpayer withheld accumulated cash and the corporation did not give the taxpayer anything other than stock. Under these facts, Section 351(b) does not apply. We conclude that the incorporation, here, was not a taxable event.

The government seeks to reallocate the income of certain construction contracts which was reported on a completion of contract basis. Before the date of incorporation, the taxpayer had received $100,000 on two construction contracts and expense for the contracts totaled $27,000. The total price of the contracts was $130,000 and the corporation reported the total income and expenses in 1955, the year of completion,

and paid the taxes thereon. Under Section 446(b), the government claims that the completion of contract method "does not clearly reflect income," and the income should be reported by the Subchapter R corporation. Further, the government opposes any refund for the taxes already paid on this income which was reported in 1955 on the completion of contract basis because the Statute of Limitations for filing of a request for refund had already run when the claim was first asserted in 1961.[1]

We conclude the Commissioner abused his discretion in finding that the completed contract basis used by the taxpayer does not clearly reflect income. *Cf.* Standard Paving Co. v. Commissioner of Internal Revenue, 190 F.2d 330, 332 (10th Cir. 1951). The taxpayer has used the completed contract method of reporting income for many years and the mere fact that the taxpayer has earned a significant profit on these contracts in 1954 without more is not sufficient to support the Commissioner's rejection of this method. The Commissioner, however, argues that "[a] method of accounting that would clearly be permissible for a continuing business may not properly reflect income where the corporate taxpayer liquidates in midstream. * * *" Bitker and Eustice, Federal Income Taxation of Corporations and Shareholders, 382 (2d ed. 1966); Jud Plumbing and Heating, Inc. v. Commissioner of Internal Revenue, 153 F.2d 681 (5th Cir. 1946); Standard Paving Co. v. Commissioner of Internal Revenue, 190 F.2d 330 (10th Cir. 1951). However, here, we do not have a liquidation and an attempt to minimize taxes by changing the taxpayer. The government seeks to have the proprietorship which is paying taxes at the corporate rate under Section 1361 report the income rather than the corporation itself. Since both taxpayers would be paying taxes at the same rates, and the business is continuing, we find no justification to support the Commissioner's rejection of

the taxpayer's income reporting method under Section 446(b). The Commissioner's attempt to collect taxes on the same income in 1954 and 1955 certainly does not support his point of view. We conclude that the district court properly rejected the Commissioner's claim under Section 446(b).

Affirmed.

---

1. The return filed for the year 1954 was kept open until the Regulations were adopted.